EARL J. ROSE, JR., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 31175.) SPRINGFIELD FIRE & MARINE INSURANCE Co., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31260.) — Appeals by the State from two judgments of the Court of Claims, entered in the office of the clerk of the Court of Claims on April 16, 1953. Claimant Earl J. Rose, Jr., has been awarded a judgment for personal injuries, and claimant Springfield Fire and Marine Insurance Company has been awarded a judgment for assigned property damage to an automobile. On January 21, 1952, at about 3 :00 A.M., claimant Rose was driving his father's automobile along State highway 203 in the town of Nassau, Rensselaer County, N. Y., when he collided with a large tree which had fallen across the road, sustaining injuries and damaging the automobile. There is some suggestion on his part that the tree actually fell upon the automobile, but the Court of Claims has found, and the record amply sustains the finding, that the tree had fallen a short time before the accident. The tree was a large pine tree approximately forty feet high and from three to three and one-half feet in diameter. Before falling it had stood outside of the boundaries of the State right of way and about six feet from the edge of the pavement. There is evidence that each year the tree in question bore foliage; that the bark and outer surface of the tree were

solid, and that there were no outward indications of decay visible to the eye while the tree was standing. In October of 1951, a landscape engineer in the employ of the State, in the process of determining whether this tree interfered with sight distance along the highway, stopped his automobile and subjected the tree to a close observation, even probing it with a sharp instrument to the extent of about one and one-half inches. He found nothing to indicate decay or disease. On the night of the accident a strong wind was blowing, recorded at the nearest weather recording station at thirty-two miles per hour with gusts up to forty-six miles per hour. The trunk of the tree broke off about ten feet above the ground. After the tree had fallen it was apparent that the center thereof was rotten and decayed. The outside of the tree around its circumference for a depth of from two to three inches was living and sound. The Court of Claims has found that " A proper inspection of this tree at the time the inspector examined it, would have shown the condition thereof so that the State is chargeable with notice of its condition, and was negligent in permitting it to remain as a danger and hazard to the users of the highway." There is no evidence in the record as to what would constitute a " proper inspection ". It would impose an unreasonable burden upon the State to require it to probe or bore entirely through every tree bordering its highways to ascertain the inside condition when there is no outward, visible indication to arouse suspicion of decay, or other visible indication that the tree is dangerous. There is no evidence in the record or even a suggestion that the State had any actual knowledge of the tree's real condition, or that any complaint had ever been made to the State. We find no evidence of constructive notice to the State which would render the State chargeable with notice of the tree's condition prior to its falling. The mere fact that a tree falls upon a highway during a high wind and it is then and then only observable that the inside is decayed, does not impose liability upon the State. Nothing more was established by the record herein, and claimants have failed to establish negligence on the part of the State. Judgments reversed on the law and facts, and the claims dismissed, without costs. Findings inconsistent herewith are reversed and new findings in accordance herewith are made. Settle orders on notice. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.