MARVIN J. KITTLE, as Administrator, etc., of EVELYN B. KITTLE, Deceased, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22246.)

Third Department, November 13, 1935.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden, Second Deputy Attorney-General,* of counsel], for the appellant.

*Schmidt & Peterson* [*Carl W. Peterson* of counsel], for the respondent.

PER CURIAM. Claimant's intestate, a girl sixteen years of age, came to her death on September 27, 1930, by falling from a cliff in Thacher State Park. The locality of her fall includes the topographical phenomena described by the park authorities as " The Crevice " and the " Bear Path." Originally the crevice was a natural fissure between two ledges of rock extending downward from the surface at a ninety degree angle about thirty-five feet to the bear path, a narrow walk along the face of the cliff fifty feet above its base. The natural fissure once known as " Fat Man's Misery " has been widened by blasting to accommodate well-nourished persons, and a ladder installed from the surface to within about fifteen feet of the bottom. From the lower end of the ladder there is a steep, rough and rocky slope to the bear path. There

were no guard rails. Claimant's intestate, proceeding down the rocky slope from the lower end of the ladder, fell over the edge fifty feet downward to the base of the cliff.

The park was for the use of the general public. It was maintained at State expense. Descriptive literature entitled "An Invitation" had been distributed. Thacher Park therein was described as "one of the most interesting of the smaller State parks." Within its boundaries signs were maintained telling the route to the crevice, bear path and caves to which the path led. There were no signs indicating danger posted at any place, and nothing to give warning of the steep, rocky path from the foot of the ladder with the sheer drop of fifty feet near at hand. The failure to warn, together with the lack of guard rails, constituted negligence and created liability on the part of the State, and this whether visitors are to be classified as invitees or licensees.

The judgment should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

RHODES, J. I concur in the result and in the opinion except as to the part which states that the failure to give warning created liability whether visitors are classified as invitees or licensees. (See *Nicholson* v. *Erie R. Co.*, 41 N. Y. 525.)

Judgment affirmed, with costs.