JOHN LEBOEUF, as Administrator, etc., of HELEN LEBOEUF, Deceased, Respondent, *v.* THE STATE OF NEW YORK, Appellant.*

(Claim No. 24135.)

Fourth Department, May 3, 1939.

* Affg. 169 Misc. 372.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden, Assistant Attorney-General*, of counsel], for the appellant.

*William J. Herron* [*Daniel Scanlon* with him on the brief], for the respondent.

PER CURIAM. There were no eyewitnesses to the accident in which plaintiff's intestate sustained fatal injuries on August 10, 1935, while she was driving alone in a heavy rain, east-bound on State highway No. 3 from Felts Mills to Great Bend, Jefferson county. At a point one and four-tenths miles east of Felts Mills the two-lane concrete highway leads straight and upgrade for several hundred feet to a point seventy-nine feet short of its crest where the road changes from an eighteen-foot concrete pavement to a macadam asphaltic surface of the same width. For east-bound motorists, of whom the decedent was one, the road continues thence straight and upgrade a short distance to the crest of the hill from which point it descends around a banked turn to the right or south. The Court of Claims has found that this banked turn to the right — just over the crest of the hill — was a sharp curve and that its road surface, being worn and smooth, was extremely slippery when wet; that the only warning to east-bound traffic of these conditions was a " Slow " sign erected about two hundred feet west of the crest of the grade; that within two years prior to the date of decedent's death and while the highway was under the patrol system, a number of accidents had occurred at the same curve and in like manner to that involved in the instant case. The decedent was found at the lower or easterly end of the descending curve seated against an embankment which borders the south side of the road. She was conscious but had sustained a deep cut in the left side of the neck which caused her death before medical

aid could be given. To those who came to her aid she said nothing as to how the accident occurred. Her automobile was close by her, with its motor running, headed westerly in the direction from which it had come and partially in the side ditch along the southerly edge of the road. The glass from the left window next to the driver's seat was broken out. Lacking proof by the State of decedent's contributory negligence, the Court of Claims found that she was free from fault. Upon all the proof submitted as bearing upon the State's negligence, and after the presiding judge, by consent of counsel, had viewed the site of the accident, the court also found that due to the defective alignment, construction and maintenance of the highway at and near the site of the accident there existed dangerous conditions of which the State had constructive and actual notice and of which it failed to give adequate warning to the decedent. The maintenance of these dangerous conditions amounted to negligence, it is found, and their existence caused the automobile which the decedent was driving to skid, slue, turn around and leave the highway and to strike the southerly embankment with resulting fatal injuries to her. A careful review of the record leads us to conclude that the claimant proved — and the State failed to offer evidence which disproved — " facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1, 7; *Stubbs* v. *City of Rochester*, 226 id. 516, 526.)

The judgment should be affirmed, with costs.

All concur, except CROSBY, J., who dissents and votes for reversal on the law and for dismissal of the claim, on the ground that no negligence on the part of the State is established. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment affirmed, with costs.