FRED E. TRIMBLE, Administrator, etc., of RUTH H. TRIMBLE, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent.*
(Claim No. 24991.)

Fourth Department, January 7, 1942.

---

* Revg. 176 Misc. 70.

*Austin W. Erwin* [*Edwards P. Ward* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr.,* and *Paul Muscarella, Assistant Attorneys-General,* of counsel], for the respondent.

PER CURIAM. This appeal is from a judgment entered upon a decision of the Court of Claims dismissing a claim against the State for damages on account of the alleged negligence resulting in the death of claimant's intestate.

Claimant's intestate at the time of the injury resulting in her death was sitting on a log about fifteen or twenty feet from the base of a nearly perpendicular cliff in Stony Park Glen, a State park under the jurisdiction of the Finger Lakes Park Commission. She was injured by some unidentified sharp hard object which caused a deep wound in her back, fracturing her vertebræ. The uncontradicted evidence is that the wall of the gorge was composed of alternate layers of shale and hard stone; that some of the stones or pieces of rock in the wall were loose and had fallen, at the place of the accident, from time to time to the knowledge of the superintendent and other employees of the park.

There were two signs posted at the lower end of the glen through which claimant's intestate passed and those signs read: " Gorge Trail Dangerous — Proceed at your own risk." There had been a flood the year previous to the accident and debris, stones, stumps, brush, etc., had not been removed except for a comparatively short distance at the lower part of the glen. Many people visited the park and traversed the glen where claimant's intestate was injured both on the day of the accident and for months prior thereto, to the knowledge of those in charge of the park and there was no effort made to exclude such visitors nor any warning or suggestion that it was improper or dangerous except the warning signs above referred to.

We are of the opinion that the reasonable and logical inference from the undisputed facts is that claimant's intestate received the injury resulting in her death by reason of being hit by a loose stone falling from the wall of the cliff near which she was sitting. There was no proof of facts to support a reasonable inference that she was injured by a stone thrown or kicked by some person

on top of the cliff. On the evidence in the case that was no more than a mere possibility. The claimant in order to make out a *prima facie* case was not required to exclude every remote possibility. (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1.)

The park was constructed for the benefit of the public who were invited to attend. (Conservation Law, § 718.*) The warning sign did not by its terms withdraw that invitation. The park authorities knew that there were loose stones in the wall of the cliff which were falling from time to time and should have anticipated the danger of serious injury or death occurring to persons visiting the glen on account of such condition. That danger was a hidden danger not reasonably apparent to strangers visiting the park. The warning sign above referred to was not sufficient to call such danger to the attention of those who visited the park. Such failure to warn is negligence. (Restatement, Law of Torts, § 342 [d], 342 [h]; *Kittle* v. *State of New York*, 245 App. Div. 401; affd., 272 N. Y. 420; *Collentine* v. *City of New York*, 279 id. 119.)

The judgment should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concur, except CROSBY, P. J., who dissents and votes for affirmance. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Certain findings of fact disapproved and reversed.

* Added by Laws of 1928, chap. 242.— [REP.