WALTER WASNICK, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 26163.)

HERSHEY BEVERAGE CORPORATION, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 26171.)

Court of Claims, December 28, 1944.

*Charles B. Sullivan* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Harold S. Coyne* of counsel), for defendant.

FITZSIMMONS, J. These claims, tried together, arise out of a highway accident which occurred at 4:45 P.M., on January 29, 1940, at a point on Route 9 about eight miles south of South Glens Falls, New York, as claimant Wasnick was driving a Hershey Beverage Corporation truck southerly. Such accident was caused by heaves or bumps extending above the surface of such pavement.

Out of the accident claimant Wasnick suffered severe and permanent injuries and claimant Hershey Beverage Corporation almost complete destruction of its truck.

Two questions are posed by proof herein:

(a) Was claimant Wasnick guilty of contributory negligence on such occasion?

(b) When the State, with full knowledge of a potentially dangerous highway condition, erected a warning sign, did it thereby fully meet its obligation to the traveling public?

At the time of the accident there was a standard New York warning sign in position 350 feet northerly of the place of accident; its size was two feet by two feet; it had a yellow background on which there appeared in six inch black letters, " DANGER — BUMPS "; such sign was visible, to a person facing south, at from 400 to 600 feet and its lettering readable from 100 to 150 feet; above such sign was a triangular red flag encased in a lath frame, while hanging to a pole on which the sign was attached, there was a red lantern. Claimant did not observe such warning sign; other witnesses, too, testified to the same effect.

Claimant Wasnick was unfamiliar with the highway in question prior to the afternoon of the day of the accident, when he traveled along it in a northerly — opposite — direction, at which time he encountered no bumps, or obstacles of any kind, or observed any warning sign — though there was such a sign — along the east lane about 1,000 feet from the place of accident.

Traveling along the three lane, thirty-foot-wide straightaway road — then entirely free of traffic — with eyes fixed straight ahead, nothing at all came to Mr. Wasnick's attention as to potential danger.

The time being dusk, visibility was good; the road was clear of snow and ice — though snow covered, and was piled upon, the four-foot shoulders.

The described warning sign indicated no distance to, or nature of, the " bumps ", so that even had it been observed its intended message might well have proved of no value as to a " hidden " menace.

The first of such " bumps " encountered was over the crest of a rise in the road, and unobservable to one traveling south until almost on it — as happened to claimant Wasnick as he traveled at thirty-five miles per hour, according to his own testimony and the testimony of a sergeant of State Police who was then a short distance behind him and who saw the truck rise in the air.

The first of such " bumps " was ten inches high, which, added to the depth of a highway depression and the depth of a downgrade dip at such point, caused a drop of the truck off the top of such bump of at least twenty inches.

Striking the first bump, Mr. Wasnick was forcefully thrown from his seat; while trying to regain his seat to apply brakes, claimant struck a second of such " bumps ", whereupon the truck left the highway and struck a utility pole. The crash caused Mr. Wasnick to lose consciousness, which crash he com-

pared to riding a roller coaster. While so unconscious, claimant was carried out of the truck and rushed to a hospital by the sergeant of State Police. Mr. Wasnick was confined to such hospital for ten and a half months, where he underwent a number of serious operations; numerous of his injuries were permanent in nature.

The alleged contributory negligence of Mr. Wasnick is premised upon " excessive driving ", failure to observe warning sign, and, — argumentatively only — so-called careless stacking of empty beverage cases, one of which, the State maintains, hit Mr. Wasnick on the head.

We find that claimant Wasnick was free of contributory negligence.

The area of highway annually affected by " bumps " consisted of three panels of an approximate length of about 250 feet, a situation which annually recurred from 1932, when the highway was constructed. At no time did the State rip out and attempt to rebuild that part of such highway affected by " bumps " — though numerous other methods of eradicating the bumps were unsuccessfully tried.

It is argued by the State, that having made every effort to remedy the bad situation, it is free of responsibility for damages here claimed; more particularly so since its officers and employees, charged with the highway's maintenance, at no time learned of any other accidents from the cause here involved.

We have found that the State, while not negligent as to construction of the highway, was negligent in its maintenance at the time and place of accident, and that the warning sign was inadequate to serve its proposed purpose, for the following reasons: that the defects complained of were such as should have been reasonably anticipated (*Torrey* v. *State of New York*, 266 App. Div. 900, citing *Karl* v. *State of New York*, 279 N. Y. 555); that the defects appeared annually with unfailing regularity (*Ryan* v. *State of New York*, 180 Misc. 370); that the " bump " constituted a hidden danger not reasonably apparent to strangers, by reason of the contour of the road, protection against which a warning sign was insufficient (*Trimble* v. *State of New York*, 263 App. Div. 233, 235); on insufficiency of warning sign under certain conditions (see *Hazard* v. *State*, 23 N. Y. S. 2d 29); that the public should have been given adequate and reasonable warning in view of a known existent dangerous condition, as here existed (*Miller* v. *State of New York*, 231 App. Div. 363, 366); and that when other means of averting known danger prove unavailing, as they did here, the

highway should have been closed to traffic (*Doulin* v. *State of New York*, 277 N. Y. 558).

The State contends that by reason of the fact that the accident involved happened beyond the patrol or maintenance period, it is afforded protection from liability by reason of the provisions of section 58 of the Highway Law. ▮ Numerous, decisions have held that the provisions of section 8 of the Court of Claims Act (L. 1939, ch. 860), ▮ as well as those of section 58 of the Highway Law, must be read together, as result of which the State is liable "whether such damages were sustained on a highway or otherwise or at any time of the year." (*Miller* v. *State, supra,* p. 368; *Karl* v. *State, supra*; *Torrey* v. *State, supra*; *Ryan* v. *State, supra*.)

By separate decision herein, appropriate awards have been made to both claimants for the damages sustained by them respectively.