ANNE E. ZIEHM, as Administratrix of the Estate of CARL C. ZIEHM, Deceased, Appellant, v. STATE OF NEW YORK, Respondent.— Judgment reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: The traffic signs involved in this action were confusing, improperly worded, improperly located, insufficient in height, insufficient in number, not reflectorized or improperly reflectorized, misleading, and an invitation to disaster in the night time, under the peculiar conditions surrounding the intersection, to the most prudent driver of a motor vehicle travelling southerly on Transit Road. The State made no tests, prior to the accident, as to the adequacy of the traffic signs at night. The evidence is undisputed that the traffic signs involved in this accident did not conform to the nationally accepted standards in shape, kind, color, type and markings to be used on and along highways maintained by the State as required by section 95-b of article 7 of the Vehicle and Traffic Law. The State and the State Traffic Commission were negligent in failing to order the removal of the traffic signs in question and in failing to replace those with signs which would conform, so far as practical, with nationally accepted standards applicable to the intersection in question. The State Traffic Commission was also negligent in failing to adopt rules and regulations for the guidance and protection of motorists at said intersection. (Vehicle and Traffic Law, §§ 95-a, 95-b.) The holding, that the traffic signs were adequate and that the accident was caused solely by the negligence of the driver Kaufman is clearly against the weight of the evidence. The dead-end stop sign on the southerly side of Orchard Park Road misled Kaufman into thinking that he was coming to a dead-end stop. The stop sign on his right was placed sixteen feet from the edge of the pavement and the face of the sign was turned at a slight angle away from Transit Road. Little wonder that Kaufman became confused when he saw that he was coming to a main, heavily-travelled highway instead of to a dead-end stop. The testimony is undisputed that nationally accepted standards required that the dead-end stop sign should have been replaced, long prior to the accident, with a reflectorized, double pointed arrow, to warn the motorist that he was approaching a main highway, and that the conglomeration of signs south of Orchard Park Road should have been removed as they only added to the confusion. The State has maintained the roads since 1934, hence it had ample time to remedy conditions at said intersection. The State must erect warning signs where necessary. If their absence is the proximate cause of injury to persons or property, the State is liable. (*Perry* v. *State*, 49 N. Y. S. 2d 541, 544; *Miller* v. *State of New York*, 231 App. Div. 363, 369; *Le Boeuf* v. *State of New York*, 169

Misc. 372, affd. 256 App. Div. 798, affd. 281 N. Y. 737; *Ryan* v. *State of New York*, 180 Misc. 370, 372; *Kittle* v. *State of New York*, 245 App. Div. 401, affd. 272 N. Y. 420; *Goldfarb* v. *State of New York*, 178 Misc. 180, 182, affd. 264 App. Div. 976.) The State should have erected a reflectorized sign at the 500 foot distance. (*Vande Walker* v. *State of New York*, 253 App. Div. 226, revd. 278 N. Y. 454; *Connelly* v. *State*, 44 N. Y. S. 2d 331, 335.) The signs erected must be sufficient for the purpose intended. (*Trimble* v. *State of New York*, 263 App. Div. 233, 235; *Collentine* v. *City of New York*, 279 N. Y. 119, 125; *Wasnick* v. *State of New York*, 183 Misc. 1073, 1076.) It was the duty of the State to guard against such dangers as could or ought to have been anticipated or foreseen in the exercise of reasonable prudence and care. (*Snowden* v. *Town of Somerset*, 171 N. Y. 99, 105–106.) As claimant was driving upgrade the signs were set too low. (See *McLane* v. *State*, 53 N. Y. S. 2d 194, 197.) The court erred in depriving the claimant of the right to cross-examine Chief Martin as to his knowledge of previous accidents at said intersection. Exception to the ruling was duly taken. All concur, except Taylor, P. J., and Larkin, J., who dissent and vote for affirmance for the reasons given in the written decision of the Court of Claims. (The judgment dismisses a claim for damages for the death of claimant's intestate alleged to have resulted by reason of an automobile in which he was a passenger hitting a tree, because of the negligent condition of a State highway.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.