HARRY E. MacGOWAN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30327.)

Court of Claims, November 24, 1950.

*Reuben H. Kohn* and *Franklin P. Gavin* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David Marcus* of counsel), for defendant.

Lambiase, J.  This is a motion made by claimant for an order of this court directing that the State of New York be examined before trial through certain officers and employees, and that the State produce upon such examination before trial certain books, papers, and records, and for such other and further relief as to the court shall seem just and proper in the premises.

A study of the claim herein, as in all applications of this kind, is the prime requisite in determining the matters into which an examination before trial may probe.  From the claim we may decide what facts must be proved at the trial in order to sustain claimant's cause of action.  It is as to those facts alone that an examination before trial is proper.  Any fact that need not be thus proved cannot be deemed material or necessary.

Claimant alleges in paragraph 3 of his claim " That this claim is founded upon the negligence of the State of New York in the construction and maintenance of Route 9-W at the point or place where said accident occurred", and in paragraph 4 thereof sets up specifications of alleged negligence.

Claimant seeks to examine among others the State Traffic Commission through R. C. Georger, its director, " concerning the studies it made of traffic conditions and highway conditions *at the point or place of the accident* ", and asks that said R. C. Georger " be directed to produce upon the examination before trial all his books, papers and records *relative to the place of happening of this accident* ".  (Affidavit, Reuben H. Kohn.) He also seeks to examine said R. C. Georger " concerning recommendations made (by the Commission) with respect to the erection and maintenance of signs along and adjacent to Route 9-W at the *point or place of the accident.*"  (Matter in parenthesis and emphasis supplied.  Notice of motion.)

It seems to us that under the allegations of the claim the studies and recommendations of the State Traffic Commission concerning which an examination before trial is sought herein are — with the proviso that they be limited to those made prior to the date of the accident (*Barish* v. *State of New York*, 277 App. Div. 920; *Di Laura* v. *State of New York*, 275 App. Div. 639) — material and necessary to the prosecution of the claim, and that an examination before trial with reference thereto should be and hereby is granted; and said R. C. Georger is directed to produce upon said examination all the books, papers, and records of the State Traffic Commission relating to the place and point on said route 9-W where the accident happened up to the date of the accident.  (*Ziehm* v. *State of New York*,

270 App. Div. 876; *Wenzel* v. *State of New York* (two cases), *Dunn* v. *State of New York,* 178 Misc. 932; Vehicle and Traffic Law, §§ 95-b, 95-c, 95-g, subd. 3.)

It has been somewhat difficult for us to determine from the moving papers whom else claimant seeks to examine and what the subject matter and scope of the examination is to be; and it is obvious, as was stated by claimant's counsel on the argument, that " At the time we prepared our motion papers we did not have the names available of certain State employes. However, we identified them by their occupations." (S. M. 2.) We do not think that they are thus identified in the moving papers. However, in further identification of those to be examined, claimant's counsel at S. M. 5–6 states:: " Now we are able to identify the employes whom we seek to examine, and we claim that the testimony we may elicit is material and necessary to these claimants, keeping in mind that the three passengers were burned to death and are unable to testify, and furthermore, that the claimant was immediately rendered unconscious at the very moment of the accident. The men whom we seek to examine are Joseph Carr or Corr, an investigator of the Safety Division of the Department of Public Works in connection with the erection of a sign which was erected. We have proof to show that this sign was not there at the time of the accident indicating this curve to the north, and the sign was erected there by Mr. Corr or under his direction, and that the State undertook to repair a broken sign after the accident, and whether the State erected a sign after the accident is admissible to show they had control of the highway and to show that they had constructive notice that the sign had previously been there but had been knocked down. We also seek to examine Donald Allen of the Traffic Division of the Department of Public Works who has charge of the functions of the Department of Public Works in relation to vehicular traffic at the point of the accident, and we further seek to examine V. H. Jenner, County Assistant of the Department of Public Works who was in charge of this area where the accident happened." With the foregoing in mind, we continue our disposition of the claimant's motion.

Claimant may examine said Joseph Carr or Corr, if he is an employee of the State of New York as to (a) whether or not at any time previous to the date of the accident there had been a sign south of the curve at or near the point of the accident on route 9-W indicating a curve to the north; (b) whether or not any such sign as mentioned in subdivision (a), assuming

its erection previous to the date of the accident, had been knocked down prior to said date and whether or not if it had in fact been knocked down, it had again been erected prior to the date of the accident; (c) whether or not after the accident described in this claim the State of New York undertook the repair or replacement of a so-called " curve " sign which had been damaged prior to the date of the accident at or near the point of the accident; and (d) whether or not as an employee of the State of New York he erected or caused to be erected, or whether or not there was erected under his supervision and direction after the accident a so-called " curve " sign south of the curve at or near the point of the accident on route 9-W indicating a curve to the north. Examination as to items (c) and (d) above is allowed only to show control at the time of and at the place of the accident in the claim described by the State of New York of route 9-W and of any highway signs thereon.

As to the proposed examination of " Donald Allen of the Traffic Division of the Department of Public Works who has charge of the functions of the Department of Public Works in relation to vehicular traffic at the point of the accident ", there being nothing else before us to apprise us of the subject or of the scope of the proposed examination, we assume the descriptive and identifying quoted words as being indicative of the scope and subject of the desired examination and we grant an examination of said Donald Allen, if he is an employee of the State of New York, " in relation to vehicular traffic at the point of the accident " prior to the date of the accident.

We are unable from what we have before us to determine the subject matter and the scope of the proposed examination of " V. H. Jenner, County Assistant of the Department of Public Works who was in charge of this area where the accident happened." In fact, all that we have before us with reference to the proposed examination of the said V. H. Jenner is the statement of counsel for the claimant that " we further seek to examine V. H. Jenner, County Assistant of the Department of Public Works who was in charge of this area where the accident happened." (S. M. 6.) Under the circumstances and for the reasons herein expressed, we deny without prejudice to renew any examination of said " V. H. Jenner, etc." aforesaid. (S. M. 6.)

We conclude from everything before us that claimant may examine the District Engineer of District No. 1 with reference

(a) to the construction and/or reconstruction, prior to the date of the accident, of route 9-W at the point or place of the accident; (b) to the construction and location of the culvert which is located along the westerly edge of the highway at the point or place where the accident occurred; (c) to the nature of materials, if any, which were permitted to be stored in the culvert area immediately adjacent to and along the westerly side of the highway at the point or place of the accident and prior to the date thereof; and (d) to signs or the absence of signs on route 9-W prior to the date of the accident south of the curve at or near the point of the accident indicating a curve to the north; and said District Engineer of District No. 1 is directed to produce upon the examination before trial " all maps, and other paper data " relating to the construction and reconstruction of the highway at the point or place of the accident up to the date of the accident.

In our opinion the relief which we have provided for herein is material and necessary to the prosecution of the claim, and except as to such relief as is herein granted, claimant's motion is denied.

The order to be submitted herein shall provide that only employees of the State of New York may be examined, and that all books, maps, records and data ordered to be produced herein shall be used on the examination before trial solely for the purposes set forth in section 296 of the Civil Practice Act of the State of New York, and in accordance with the provisions thereof. It shall provide further that said examination before trial shall be had and said books, maps, records, and data to be produced shall be produced at the office of the District Engineer of District No. 1, at 353 Broadway, in the city of Albany, New York, before a person designated according to law and agreed upon by the parties hereto, on a day and at a time agreed upon by the parties hereto and at such other and further time or times to which said examination may be adjourned by mutual consent; and it shall also provide that the fees and expenses of such examination, including the cost of a copy of the stenographer's minutes to be furnished to the Attorney-General of the State of New York, shall be paid by the claimant. If the parties are unable to agree concerning the matters left to them for agreement herein, the court, without further notice, will make sufficient provision for the same in the order to be submitted.

Settle order on notice.