CLAIR P. DAKIN, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 29006.)

Third Department, April 24, 1954.

*Albert Averback* for appellant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* and *Wendell P. Brown* of counsel), for respondent-appellant.

FOSTER, P. J. The Court of Claims has awarded claimant a judgment of $72,867.28 for personal injuries he received while a visitor at Taughannock Falls State Park on June 9, 1946. The State has appealed from that judgment on two grounds: (1) that the accident was not the result of negligence on the part of the State; (2) that the damages awarded are excessive. Claimant has cross-appealed on the ground the damages awarded were insufficient.

Taughannock Falls is on Taughannock Creek, an inlet of Cayuga Lake, and is 215 feet high. It is one of the great scenic beauties of the State, and a pamphlet issued by the Finger Lakes State Park Commission describes it as the highest perpendicular waterfall east of the Rocky Mountains. From the falls the creek flows through a deep gorge to Cayuga Lake. Apparently for many years there has been a path along the southerly side of the gorge which people used to gain a view from below the falls.

In 1925, or thereabouts, the State acquired 500 acres surrounding the falls and gorge, and established a park with facilities for visitors, including a parking ground for automobiles and a picnic area. The path along the southerly side of the gorge was leveled out and smoothed off to make more passable what is called the " gorge trail ". It began at the parking ground and ended some 150 or 200 feet from the foot of the falls. The walls of the gorge were and are sheer cliffs of shale rock foundation, concave in shape and thus overhanging in aspect. On the south side however they did not directly overhang the trail. Between the base of the cliffs on that side and the trail there was distance varying from 150 to 200 feet. This space was occupied by what is called the talus slope, a slantwise formation composed of loose rock fallen during the course of the centuries from the cliffs above.

There was proof and the court below found that for many years prior to the accident the State employees and officials in charge of the park had knowledge that the edges of the cliffs on the south side were continually weathering and breaking off into large and small fragments which fell on the talus slope. They also had knowledge that such falling fragments sometimes bounded beyond the talus slope to the trail. In August, 1945, a small girl was injured on the trail by a falling rock. This incident was investigated by the superintendent of the park, and he found a number of rocks in the trail, some of which weighed several pounds. Nothing was done to insulate the trail from bounding rocks, but of greater significance, in our viewpoint, is the fact that no signs were posted to warn of the possible danger of falling rocks.

On June 9, 1946, claimant, with his wife and some relatives, visited the park and walked along the trail towards the falls. Claimant had never been there before. At some point along the way he sat on a stone beside the path to rest while the rest of the party went on. Suddenly some part of the cliff above broke away and fell on the talus slope where it split into many fragments, and some of which bounded on towards the trail. Apparently claimant sought to escape being struck by running down the path to the east, but was hit on the head and knocked down. He suffered very severe injuries, including traumatic epilepsy.

There is no substantial dispute as to the facts, and we think they justified the Court of Claims finding the State negligent and the claimant free from contributory negligence. There is testimony in the record from which the conclusion may be drawn that those in charge of the park did not consider it feasible to provide artificial safeguards and at the same time preserve its wild and natural beauties. With that viewpoint all lovers of nature may sympathize, but even so, if danger from falling rocks was to be reasonably anticipated that factor had to be seriously considered in view of the nature of the park. Obviously it was not in the same category as a vast forest preserve where the wayfarer must assume the risks of wilderness travel without specific warnings. It was opened for the use and pleasure of all sorts of people, men, women and children, who could not be expected to know anything about shale cliffs, talus slopes and the like. It was located in a settled community and visited annually by upwards of a hundred thousand people to whom the State owed the duty of exercising reasonable care for their safety; the same duty that would have rested upon an individual

had he owned the park in question and invited the public to view it (Court of Claims Act, § 8).

Under the circumstances it was incumbent upon the State at least to erect and maintain an appropriate sign to warn visitors against the danger of rocks falling upon the trail. The proof does not indicate that the danger was so remote as to absolve the State from this duty. And the sign in existence at the entrance to the trail — "Proceed with care — You pass through this park at your own risk" — was not sufficient to warn visitors of the specific danger (*Trimble* v. *State of New York*, 263 App. Div. 233). The failure of the State in this regard was negligence.

Both parties have attacked the size of the verdict — the claimant for insufficiency and the State for excessiveness. We think it was well within permissible limits and neither excessive nor insufficient. The judgment should be affirmed, with costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Judgment affirmed, with costs. Cross-appeal by claimant dismissed, without costs.