Richard S. Heller, J.
These claims arise from an accident which occurred on July 9,1954, in Chenango County, New York. Richard W. Page was driving a car owned by his father, Reford L. Page, with Janet M. Burdick as a passenger.
The young couple had attended a movie and following this they decided to take a short drive before going home. It was on the return trip that Richard W. Page drove the car across New York State Highway Route No. 235 into a bank, causing the injuries alleged in the claim.
The reason for driving across Route 235 into the bank can best be explained by stating the facts as they occurred.
' Richard was driving on Chenango County Highway 43, which runs generally east and west. This highway ends in a T intersection with Route 235, which runs generally north and south. A short distance before the highways intersect there is on Route 43, a hill, sloping east to west, that is about seven tenths of a mile in length so that any person driving west comes down a fairly steep grade before leveling off for the T intersection.
At the top of the grade on the north side of Route 43 there is a warning “ HILL ” sign. No other sign warns of the T intersection except a small reflectorized route marker with a double arrow underneath located on the right side of Route 43, 50 feet east of the highway line of Route 235.
In September of 1953, the light maintenance foreman of the State of New York for this section of Route 235 assembled a “ home-made ” sign built like a cross and carrying two 4" red reflector buttons, similar to those used on the back of trucks, and two 2" by 6" gray reflectorized signs used on bridges. This “ home-made ” sign, which he kept insisting was not legal, was placed on the west highway line at the top of the T and was placed there by him to warn the users of Route 43. There had been accidents at this intersection before and the State knew or should have known of these accidents.
In addition a 20" by 40" double arrow T intersection sign was installed on the west side of Route 235.
Both the “ home-made ” sign and the legal 20" by 40" sign were removed some time in the spring of 1954, prior to this accident, at the order of the Department of Public Works.
This court has been unable to find any reported case where the user of a non-State highway enters upon a State Highway and has an accident in which the car of the user is the only one involved. The question here is: “ does the State owe a duty to a potential user and to what degree? ”
*548 If some auto driven along Route 235 had collided with Page, the State would be liable to the user — if the facts in this case were applied. (Croniser v. State of New York, 195 Misc. 576.)
It can only be concluded that the State does owe a duty of reasonable care to one who is about to enter upon one of its highways, particularly where accidents have happened and where the State has knowledge of a dangerous intersection. In the present case the court finds that the State did not exercise reasonable care and that they were negligent. (Ziehm v. State of New York, 270 App. Div. 876.)
It would seem that the County of Chenango would have a joint duty with the State to protect such users and potential users.
The court is reluctant to make an award to the driver of the car, Richard W. Page. His testimony indicates that he was traveling at about 30 to 35 miles per hour; that he was seeking a main road to take back to Binghamton and yet failed to see the reflectorized marker; that his lights were on high beam and that he did not see the bank on the west side of Route 235 until it was too late to stop. The night was clear, the road was dry and had he been looking ahead he could have observed the embankment for about 334 feet with unlimited vision. There was no traffic and no obstruction in the road. The motion made by the Attorney-General at the close of the case is granted as to the claim of Richard W. Page, an infant, by his guardian ad litem, Reford L. Page, and the claim is dismissed. (Kaufman v. State of New York, 275 App. Div. 987.)
The negligence of Richard W. Page is not imputable to Reford L. Page, the owner of the car, so an award is made to the said Reford L. Page in the amount of $945 for the damage sustained to his car, an additional sum of $35 for towing services, or a total of $980.
The court finds the claimant, Janet M. Burdick, free from contributory negligence.
Janet M. Burdick at the time of the accident was 17 years of age. During the summer vacation she was employed at McLean’s department store in Binghamton, New York, and intended to return to high school in the fall. She lived with her mother.
She was rendered unconscious by the accident and did not regain consciousness for nine days. She had been removed from the scene to the Binghamton City Hospital, where she remained three weeks. Upon her release she was confined to her home, where she relaxed until school started for the fall term.
*549 At the time Janet was first seen by her doctor she was suffering from a severe cerebral concussion, a large hematoma of the forehead and extensive lacerations of the left knee and over her left eye. Her front teeth had also been fractured.
Her recovery has been good although she still complains of headaches and that on occasions her left knee ‘ ‘ gives way ’ She still has scars which could be corrected by plastic surgery, if she so desires, although they are well healed.
Janet M. Burdick, an infant, by her guardian ad litem, Dorothy K. Burdick, is entitled to an award in the amount of $4,750, which award includes loss of earnings, injuries past, present and future, and pain and suffering.
Dorothy K. Burdick is entitled to an award of $1,205.15 expended for medical service and an additional award of $700 for her loss of earnings, loss of services of the infant and possible future medical bills, or a total of $1,905.15.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.