■ HERMAN J. STERN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33227.) (And Five Other Claims.) — The State appeals from several judgments of the Court of Claims, which awarded damages to claimants encompassing personal injuries to three claimants, medical expenses, loss of services and property damage. The amounts are not questioned on this appeal. The State contends only that its negligence was not proven and, in the case of the claimant Herman J. Stern, driver of the car involved in the accident, freedom from contributory negligence was not proven. The claims are based upon

allegations that the State highway in the area where the accident occurred was abnormally slippery when wet; that after express or implied notice the State failed to take appropriate steps to correct the dangerous condition or to properly warn the traveling public of the danger. On June 13, 1953, at about 9:45 in the morning, claimant Herman J. Stern was driving his car in a westerly direction, in the rain, on Route 17 approaching the Village of Bloomingburg, N. Y. His wife, Roberta Stern, for whose injuries the most substantial award was made, and his daughter, Cheryl Ann Stern, were passengers in his car. He was concededly traveling at about 40 miles per hour on a three-lane concrete highway where the speed limit was 50 miles per hour. As he approached the vicinity of the accident the road changed to a macadam surface and was marked for two lanes instead of three. Near that point was a sign indicating a speed of 30 miles per hour and a left curve with a connecting highway branching to the right. Within a few feet after he passed this sign, Stern applied his brakes lightly and felt a skid. He was then going down hill on a slippery surface and approaching a sharp curve and a bridge. He tapped his brakes lightly in an effort to reduce speed without losing control until he had slid into the eastbound lane and was confronted with a head-on collision with an eastbound car. He then applied his brakes hard and his car skidded into a collision with the oncoming car, and, out of control, hit the bridge abutment, bounced off, and collided with another car. There is evidence in the record that the smooth macadam surface, oil slicked by heavy traffic slowed by the change from three to two lanes and a nearby village traffic signal light, had resulted in numerous "skids" to the knowledge of the State. The Court of Claims has found that the proximate cause of this accident was the failure of the State to alleviate the slippery surface or to warn the public adequately by "slippery when wet" signs or other warnings of a known dangerous condition, and has found that this area was more slippery than other wet roads. The Court of Claims likewise found that the operator of the car was free from contributory negligence. A factual question is presented, with ample evidence to support the decision of the Court of Claims. (*Le Boeuf* v. *State of New York,* 256 App. Div. 798, affd. 281 N. Y. 737; *Ziehm* v. *State of New York,* 270 App. Div. 876.) The State relies heavily upon the dismissal of a claim arising out of a fatal accident only a week before this one in the same area. (*Suligowski* v. *State of New York,* 14 Misc 2d 585.) That was an unwitnessed nighttime accident where the driver and sole occupant of the car was killed. There was no evidence as to how the accident happended or what caused it. The Court of Claims properly determined that the instant case must be determined upon the evidence presented in the instant case. Judgments unanimously affirmed, with one bill of costs to respondents. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.