B. Thomas Pantano, J.
After this motion was made, plaintiff served an amended complaint. At the argument of this motion, the court was advised of this fact and, further, that the motion would be pressed since the defendant felt its objections were not overcome in the amended complaint.
Accordingly, the court will consider the motion as addressed to the amended complaint.
The County of Nassau has sole jurisdiction over county roads and the expenses of constructing, maintaining and improving them is a county charge (Nassau County Administrative Code, § 12-4.0; L. 1939, ch. 272, as amd.). This is true even of county roads within an incorporated village. Such roads are exempt from the jurisdiction of highway officers of villages in which they are located, except as otherwise specifically provided.
Plaintiff passenger here alleges two causes of action for personal injuries sustained in an automobile accident, one in negligence and one in nuisance, both basically arising out of the alleged failure of the county to maintain, repair or place the road into a safe condition, and failure to post notices or signs that the road was slippery when wet.
Defendant argues that the county had no duty to post such a sign, citing section 12-4.0 (subd. b, par. 3) of the Nassau County Administrative Code. This section provides:
‘ ‘ b. The jurisdiction of the county over all county roads * * " shall include but shall not be limited to: * * *
“ 3. The location or erection or removal between property lines of any steps, posts, standards, railings, area openings or structures of any kind except traffic and directional signs and lighting standards, provided no such construction for such purposes shall be permitted within an incorporated village or a city without the consent of such village or city.” (L. 1939, ch. 272, as amd. by L. 1946, ch. 993.)
This provision, however, must be read with paragraphs 3 through 5 of subdivision c of this section vesting in the village sole jurisdiction to adopt traffic ordinances and to police such roads within the village. In this context, traffic signs must be construed to be synonymous with traffic control signs. The village’s duty with respect thereto pertains to law enforcement, not maintenance or repair.
*930 The maintenance of a county road is clearly a county responsibility. The duty to warn the public of a dangerous condition rests upon him who has the duty to maintain. It is negligence to permit a dangerous condition to exist without adequate warning thereof (Smith v. State of New York, 12 Misc 2d 156, affd. 8 A D 2d 931). The defendant’s contention that the duty to warn was on some party other than the defendant, cannot be sustained. Such duty, if one exists, is with the county.
The complaint herein is sufficient. (Stern v. State of New York, 32 Misc 2d 357, affd. 18 A D 2d 1115; Veit v. State of New York, 192 Misc. 205; Sporborg v. State of New York, 226 App. Div. 113; LeBoeuf v. State of Neio York, 169 Misc. 372, affd. 256 App. Div. 798, affd. 281 N. Y. 737.)
Defendant’s motion to dismiss the complaint is denied.
The defendant shall serve and file its answer within 10 days after service upon it of a copy of the order to be entered hereon with notice of entry.