ALAN MARSHALL, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 44173.)

Court of Claims, December 6, 1966.

*McDonough, Boasberg, McDonough & Beltz* (*Stephen E. Cavanaugh* of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General* (*Edward A. Rath, Jr.,* of counsel), for defendant.

MARVIN R. DYE, J. On or about May 16, 1964, a warm and sunny afternoon, while the claimant, in company with three companions, was walking along the gorge trail in Stony Brook State Park, he was struck on the head by an unidentified object (which reasonably may be assumed was a falling rock), lost consciousness and recalls no other details of the happening.

Allegedly, his injuries were severe, but no proof was offered at the trial as to the nature and extent since, by stipulation of counsel and with approval of the court, only the issue of liability was litigated

It is undisputed that Stony Brook Park consists of about 600 acres through which passes Stony Brook Creek, bounded on either side by high rugged banks and somewhat perpendicular cliffs of shale rock formation, which form a scenic gorge leading to a natural waterfall. A footpath designated as the gorge trail meanders along the base of the cliffs, first on one side of the creek and then across conveniently placed footbridges to the other side, as demanded by topographical conditions, until it reaches the bottom of the lower falls, and thence by a masonry stairway cut into the bank up and around to the falls beyond. The gorge trail, winding between the high banks along the creek, has long been popular with the users of the park, affording as it does access to the beauty and inspiration of nature at its rugged best, a naturalness which is not always benign and harmless, since on occasion small stones and hard lumps of dirt are released through natural causes and fall into the gorge through which the trail winds.

Approximately 28 years ago to a day, viz., May 17, 1936, in the same park at approximately the same spot and under almost identical circumstances in the case of *Trimble* v. *State of New York* (263 App. Div. 233, revg. 176 Misc. 70), a young school teacher was fatally injured when struck in the spine by an unidentified hard object assumed to be a rock, as she sat on a log near the gorge trail watching the same waterfall. There the court imposed liability, for the reason that the warning signs erected at the gorge entrance bearing the legend in four-inch high letters

" GORGE TRAIL DANGEROUS — PROCEED
AT YOUR OWN RISK "

were inadequate to call the hidden danger of falling rocks to the attention of those who visited the park.

Contrary to the claimant's present contention, we do not regard *Trimble* as authority for anything more than a reiteration of the common-law rule requiring landowners to warn users of unnatural and artificial dangers not readily foreseeable by the users, who they know or should know may be unaware of the condition or realize the risk involved by so proceeding (cf. Restatement, Torts, § 342).

While the physical situation in Stony Brook Park has not materially changed in the years intervening since *Trimble*, the

State, in obedience to the shortcomings of the signs used in *Trimble,* has made material and, we believe, sufficiently adequate changes in the legend of the signs it now uses to inform the users of the gorge trail of the specific natural dangers inherent in the area to be traversed, by the wording:

" WARNING

PROCEED WITH CAUTION

STAY ON MAIN TRAILS

KEEP AWAY FROM CLIFF EDGE

BEWARE OF FALLING ROCKS

AND LOOSE STONE ON TRAIL ".

Concededly, such signs were in place on the day in question and were seen and read by the claimant, although as he testified, he had no present recollection of the wording other than that it mentioned something about " caution ". This failure of the claimant to note the posted message with particularity does not impose upon the State a greater or different duty, since the signs calling attention to the specific danger allegedly causing his injury were posted for his benefit and protection by warning him of what might be expected if he proceeded. When nonetheless he chose to walk along and through the gorge trail, he must be deemed to have understood that he was moving into an area where falling rocks presented a danger and by so exposing himself to the danger of which he had been warned, he assumed the risk involved. This must be so as matter of logic and common sense and we believe is so, as matter of law, since the State — like an individual in the same and similar circumstances — is not cast in the role of an insurer against any and all happenings, for it has assumed liability only to the extent a private person or corporation is liable, in accordance with the same rules of law as applied to actions in the Supreme Court against individuals or corporations (Court of Claims Act, § 8). The duty thus assumed was met by the State in this instance when it posted the signs we now consider.

The adequacy of the signs was demonstrated by the testimony of another visitor to the same park on the same day in question, who testified that when she read the signs she turned back with her two children and went to another area.

The posting of the signs was not all that the State did. Before the park was opened to visitors for the season of 1964 — which was a short two weeks before this happening — its superintendent, together with a clean-up crew, went along the gorge trail and removed all loose stones, tree limbs and such like debris from the trail area and had also inspected the banks and

whenever loose material was discovered had knocked it down with long-handled shovels.

To hold the State negligent under the circumstances here shown is tantamount to ruling that it owes a duty as an insurer to all who use the park, a duty which may not be discharged in the exercise of reasonable care and prudence. Such a rule would be contrary to expressed State policy adopted long ago to insure to the people of the State the beneficence and inspiration of untrammeled natural surroundings. There are risks, to be sure, in such a policy but they are risks to which nature has always exposed its devotees.

Our attention is called to *Dakin* v. *State of New York* (284 App. Div. 53) wherein FOSTER, P. J., later an Associate Judge of the Court of Appeals, wrote in a falling rock case occurring in the gorge of Taughannock Creek near the foot of the falls that nothing had been done to insulate the trail from bounding rocks, as a holding requiring insulation; but we do not so read it in context or as a disconnected generality, since that decision turned on the insufficiency of the posted sign to warn of the possible danger of falling rocks.

The problem we deal with falls more nearly into a line of cases holding that a visitor accepts the premises as they are, subject to notice of reasonably unforeseeable danger involving unreasonable risk of which the owner has knowledge (*Pope* v. *State of New York,* 198 Misc. 31, affd. 277 App. Div. 1157 [4th Dept.], and cases cited).

We hold that under the facts and circumstances of this case, the State was not negligent in its operation and maintenance of Stony Brook State Park on the day in question. The claim should be and hereby is dismissed, without costs.