OPINION OF THE COURT
Thomas E. Mercure, J.
This is a motion by defendants and third-party plaintiffs seeking dismissal of the complaint and summary judgment against plaintiffs above. There is also an order to show cause by defendants and third-party plaintiffs seeking permission to amend their answer to include the affirmative defense of failure to establish prior written notice of defect, as required by law, and allowing the failure to comply with the statutory requirements of prior written notice to be considered an additional ground in this pending motion for summary judgment.
There is also a notice of cross motion by third-party defendants, County of Saratoga and John Strohl, wherein *656 third-party defendants seek summary judgment dismissing the complaint against the Town of Northumberland and/or for an order granting summary judgment dismissing the third-party complaint against the third-party defendants.
The underlying action herein seeks money damages as a result of personal injuries sustained by plaintiff, Brett Barber, a passenger in an automobile accident which occurred on April 23, 1979 at the intersection of Rugg Road and Route 32 in the Town of Northumberland, Saratoga County. Rugg Road is a town road and Route 32 is a New York State highway.
It is indicated herein that a 1979 Plymouth Fury sedan owned by Leon E. Barber, Jr., and driven by defendant, Wayne B. Holcomb, with plaintiff, Brett Barber as a passenger, was proceeding east on Rugg Road at night and failed to negotiate a turn into New York State Route 32.
Rugg Road is a two-way, east-west concrete and asphalt town road, which has its easterly terminus at Route 32. There is a stop sign to the left as one approaches Route 32, and there is a yield sign on the right. Both signs govern easterly traffic. New York State highway Route 32 is a two-lane concrete road, running north and south. The intersection is considered to be located in a rural area.
Plaintiffs’ cause of action is based, in part, on the negligence of defendants and third-party plaintiffs and, in part, on an alleged nuisance created by said third-party plaintiffs.
In reviewing defendants’ and third-party plaintiffs’ motion, order to show cause, third-party defendants’ cross motion and all the attendant papers pertaining thereto, this court finds that the question to be determined herein is whether the Town of Northumberland and Bernard 0. Shaw, its Town Superintendent of Highways, owe a duty to the plaintiff, sufficient under the circumstances herein, to support this action in negligence and nuisance?
This court must respond in the negative. It is not disputed that the accident which is the subject to this action occurred at the intersection of State Route 32 and a town road named Rugg Road. The State of New York bears the *657 responsibility for any intersection with a State highway and is required by statute to operate, maintain and control said intersection. Conversely, local authorities, such as towns, are expressly precluded by statute from regulating or controlling intersections of town roads with State highways.
The pertinent sections of the Vehicle and Traffic Law are as follows:
“The department of transportation with respect to state highways maintained by the state, the intersection of any highway with a state highway maintained by the state, and any highway intersecting or meeting a state highway maintained by the state for a distance not exceeding one hundred feet from such state highway maintained by the state, may by order, rule or regulation:
“1. Designate through highways and order stop signs, flashing signals or yield signs erected at specified entrances thereto or designate any intersection as a stop intersection or a yield intersection and order like signs or signals at one or more entrances to such intersection.” (Vehicle and Traffic Law, § 1621, subd [a], par 1.)
“The town board of any town with respect to highways outside of villages in any such town, but not including state highways maintained by the state except with respect to subdivisions six, eight, nine and ten, subject to the limitations imposed by section sixteen hundred eighty-four may by ordinance, order, rule or regulation:
“1. Designate county roads and town highways as through highways and order stop signs, flashing signals or yield signs erected on county roads or town highways at specified entrances to such through highways or designate any intersection except those where one or more entering highways is a state highway maintained by the state as a stop intersection or a yield intersection and order like signs or signals at one or more entrances to such intersections.” (Vehicle and Traffic Law, § 1660, subd [a], par 1; emphasis mine.)
“The department of transportation shall order the installation, operation, maintenance and removal of such traffic-control devices, conforming to its manual and specifications, upon all state highways maintained by the state or *658 on any highway intersecting a state highway maintained by the state on the approach to such intersection as it may deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic, and elsewhere as specifically authorized by this chapter.” (Vehicle and Traffic Law, § 1681, subd [a]; emphasis mine.)
“No local authority shall place or maintain any traffic-control device on any state highway maintained by the state, or at any location so as to prohibit, restrict or limit the movement of traffic proceeding along, entering or crossing such highway, nor shall any ordinance, rule or regulation affecting traffic or stopping, standing or parking on state highways maintained by the state be effective unless or until approval in writing has been obtained from the department of transportation, and the department of transportation may at any time rescind or modify such approval.” (Vehicle and Traffic Law, § 1684; emphasis mine.)
An application of the above statutes to the intersection of Rugg Road and Route 32 explicitly places the burden of traffic control on the State of New York and not upon the Town of Northumberland. The State of New York has a further duty and responsibility with regard to regulation of warning signs in advance of an intersection. See McDevitt v State of New York (1 NY2d 540, 544), wherein the Court of Appeals stated: “The duty of the State to give warning of the hazards existing on highways maintained by it is no longer open to doubt (Canepa v. State of New York, 306 N. Y. 272) and such warning signs must be erected wherever necessary and be reasonably adequate for the intended purpose (Ziehm v. State of New York, 270 App. Div. 876; Le Boeuf v. State of New York, 169 Misc. 372, affd 256 App. Div. 798, affd. 281 N. Y. 737).”
Not only is it the State’s duty to erect appropriate intersection warning signs of any nature on roads intersecting with a State highway, but under the facts as alleged, the Town of Northumberland would be statutorily precluded from doing so. This is the case since both yield and stop signs were placed at the subject intersection by the State, and such precludes the placing of advance intersection warning signs by the town.
*659 New York State is given authority for traffic control over any highway at its intersection with a State highway pursuant to section 1621 of the Vehicle and Traffic Law. The town board of any town is prohibited from exercising such authority by section 1660 of the Vehicle and Traffic Law. New York State is required to install signs for traffic control on such intersecting highways by section 1681 of the Vehicle and Traffic Law, and the town is prohibited from the installation of such signs by the provisions of section 1684 of the Vehicle and Traffic Law.
Plaintiffs’ reliance on Khoury v County of Saratoga (267 NY 384) and Burdick v State of New York (6 Misc 2d 546) is misplaced. In Khoury, the municipalities were jointly liable only because of the provisions of sections 250 and 251 of the former Highway Law, which are not.pertinent here. In Burdick (p 548), the court stated that “[i]t would seem” that the county has a joint duty with the State. No authority is cited to support this dictum, and it is contra to the present statutory language.
On all the above, no duty of care is owed to plaintiffs by the Town of Northumberland and Bernard Shaw, the Town Superintendent of Highways.
It follows that the defendants’ and third-party plaintiffs’ motion to amend their answer is moot and therefore denied. Defendants’ and third-party plaintiffs’ primary motion for summary judgment against the plaintiffs herein is granted. The cross motion by third-party defendants against defendants and third-party plaintiffs is granted.