HENRY M. EMBLER, RESPONDENT, *v.* THE TOWN OF WALLKILL, APPELLANT.

*Negligence — injury occasioned to one passing over a highway by his being struck by an over-hanging branch of a tree.*

In an action brought to recover damages alleged to have been sustained by the plaintiff while riding on the top of a load of hay along one of the public highways of the town of Wallkill, it appeared that a tree stood upon the side of the highway, and that its branches hung over the traveled portion of the road so low as to leave an insufficient space under it for the passage of a load of hay, and that this condition of affairs had existed for more than ten years; that the plaintiff, by coming in contact with such branch of the tree, was pushed off of the load of hay and precipitated to the ground and severely injured.

*Held*, that these facts presented a case of inexcusable negligence on the part of the town of Wallkill, which was liable to the plaintiff for the injury resulting to him therefrom.

APPEAL by the defendant, the Town of Wallkill, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orange on the 10th day of February, 1890, with notice of an intention to bring up for review upon such appeal an order denying a motion to set aside the verdict and an order denying a motion for a new trial upon the minutes.

The action was tried at the Orange County Circuit before the court and a jury, and a verdict was rendered in favor of the plaintiff for $6,000.

*William Vanamee*, for the appellant.

*W. F. O'Neill*, for the respondent.

DYKMAN, J.:

While the plaintiff was riding on the top of a load of hay along one of the public highways of the town of Wallkill, he was struck in the face by the stub of an overhanging branch of a tree and scraped off of the load and precipitated to the ground and severely injured.

This action was brought against the town for the recovery of the damages sustained by the plaintiff by reason of such injuries, and

the basis of the action is the negligence of the highway commissioners in failing to maintain the road in question in a condition of safety for travelers.

The cause was tried at the circuit and the plaintiff recovered a verdict of $6,000, and the defendant has appealed from the judgment and also from the order denying the motion for a new trial on the minutes.

Commissioners of highways are charged with the duty of active vigilance and watchfulness in ascertaining the condition of the highways, and they must exercise proper care in their maintenance in a reasonably safe condition for all ordinary travel. Such are the duties imposed upon those officers by the law, and when they are not discharged and injury results to a traveler from a failure in their performance, without his fault, he has a cause of action for the damages sustained by reason of such negligence.

At the common law the towns were not liable for the negligence of such commissioners, because they are neither the agents nor servants of the town, and the commissioners were personally liable for the consequences of their own negligence, but now in this State the legislature has intervened by statutory enactment and imposed a liability upon the towns in all cases where the commissioners would be personally liable.

The statute is wise and salutary and furnishes a more certain and adequate remedy and satisfaction for injuries resulting from the negligence of public officials.

Upon the facts and the law this is a plain case for the plaintiff. The tree in question stood upon the side of the highway and its branches hung over the traveled portion of the road so low as to leave a space insufficient for the passage of a load of hay, and that condition had existed for more than ten years. Those facts presented a case of inexcusable negligence, and there is no principle which will exonerate the town from the liability resulting therefrom.

The case was submitted to the jury by the trial judge in a charge which fully explained and laid down the legal principles which controlled the case, and there was no error committed upon the trial. The point respecting the liability of the city of Middletown is untenable.

The judgment and order denying the motion for a new trial should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.