HENRY W. EMBLER, Respondent, *v.* THE TOWN OF WALLKILL, Appellant.

Plaintiff, while riding upon a load of hay along one of defendant's high-ways, was injured by being swept from the load by the limbs of a tree, which overhung the traveled track. On trial of an action to recover damages on the ground of alleged negligence of defendant's commis-sioners of highways, the court charged as follows: "Notice must be proven of the existence of the obstruction a sufficient length of time, from which a jury may say a commissioner ought to have known it. Now it is nothing of any consequence that thousands have passed there without injury. If this obstruction existed so long that a vigilant officer should have known of its existence, they are liable." In accordance with requests of defendant's counsel, the court then charged in sub-stance that the jury had a right to take into consideration, in determin-ing whether the commissioners were chargeable with notice, the fact that people driving on loads of hay had passed under this tree without difficulty; also the fact that no complaint had been made to the com-missioners. Said counsel then excepted to the sentence in the charge that "it is nothing of any consequence that thousands passed there without injury." *Held*, untenable.

It appeared that, before the time of the accident, a city was incorporated which embraced territory belonging to the town, and that the commis-sioners of highways, for whose negligence the town was sought to be made liable, were elected before the incorporation by electors of the town, including those who resided within the present limits of the city. Defendant claimed that the city was jointly liable, and should have been made a party. *Held*, untenable.

It appeared that defendant had occasionally traveled on this highway, but never before on a load of hay, and he testified that he never had had occasion to observe how low the branches of the apple tree hung, or how far they extended. Defendant's highway commissioners gave tes-timony to the effect that they had never known any difficulty from said tree, and that any danger therefrom was not obvious to them. Defend-ant claimed that the danger was so apparent that plaintiff and the driver of the load were, as matter of law, chargeable with contributory negligence. *Held*, untenable.

Reported below, 57 Hun, 384.

(Argued February 10, 1892; decided March 15, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 18, 1890, which affirmed a judgment in favor of

plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Van Amee* for appellant.   Trees upon a country highway do not constitute an obstruction which it is the duty of the commissioners to remove. (Laws of 1869, chap. 322; Laws of 1888, chap. 196.) A different rule prevails in reference to objects which have become familiarized to the public by universal custom and acquiescence from that which applies to unusual, unforeseen and unexpected objects. (*City of Allegheny* v. *Zimmerman*, 95 Penn. St. 287; *City of Wellington* v. *Gregson*, 31 Kan. 99.) In this case the public authorities simply gave their official support to a custom which they found in operation. Their action constituted a scheme in the construction and maintenance of the highway, for any defects in which the town is not liable. (*Monk* v. *Town of New Utretch*, 104 N. Y. 552; *Urquhart* v. *City of Odgensburgh*, 91 N. Y. 67.) This case comes within the principle that one who does not avoid a known danger or obstruction is guilty of contributory negligence. (*Dubois* v. *City of Kingston*, 102 N. Y. 219; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Bond* v. *Smith*, 113 id. 378; *Williams* v. *D., L. & W. R. R. Co.*, 116 id. 628; *Palmer* v. *P. Co.*, 111 id. 488; *Durkin* v. *City of Troy*, 61 Barb. 437; *Hinz* v. *Starin*, 46 Hun, 526; 3 N. Y. Supp. 290; *Krum* v. *Anthony*, 8 Atl. Rep. 598; *Lanigan* v. *N. Y. G. L. Co.*, 71 N. Y. 29; *Wilson* v. *City of Charleston*, 90 Mass. 137; *Hart* v. *Grennell*, 122 N. Y. 371.) Even if the plaintiff had not been familiar with the locality, the duty rested upon him to be upon the lookout for defects and to use ordinary care in avoiding any possible dangers. (*Fogg* v. *Nahant*, 98 Mass. 578; *Brow* v. *Mayor*, 57 Mo. 156; *Robb* v. *Connellsville*, 137 Penn. St. 42.) Assuming that the plaintiff saw that his head would not clear the branches, it was his duty to stop or dismount. If he did not see, he was guilty of negligence in not looking. (*Dewire* v.

*Bailey*, 131 Mass. 169.) It was error to submit the question to the jury as to whether the town under these circumstances, was liable for the injuries complained of. (Angell on Highways, § 259.) The court erred in refusing to grant a nonsuit on account of the non-joinder of the city of Middletown as a party defendant. (Laws of 1888, chap. 535.)

*W. F. O'Neil* for respondent. The court properly left it as a contested question of fact for the jury to determine whether, under all the circumstances attending the accident, the plaintiff or his driver were guilty of negligence. (*Stackus v. N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464.) Defendant's contention that the trial court should have dismissed the complaint on defendant's motion, because Travis had seen the tree and saw it on the morning of the accident and was, therefore, as a matter of law negligent in driving under it, is untenable. (*Weed v. Village of Balston Spa*, 76 N. Y. 333; *Bullock v. Mayor, etc.*, 99 id. 656; *Peil v. Reinhart*, 127 id. 381; *Greany v. L. I. R. R. Co.*, 101 id. 419; *Boyce v. M. R. R. Co.*, 118 id. 314; *Sherry v. N. Y. C. & H. R. R. R. Co.*, 104 id. 652.) That overhanging limbs are common on highways, makes them none the less an obstruction where they interfere with public travel, or cause injury to a person passing over the public road. (*Sewell v. City of Cohoes*, 75 N. Y. 45.) It was not necessary to join the city of Middletown as a party defendant. (Laws of 1872, chap. 46, § 1; Laws of 1888, chap. 535, § 1; *Gertrum v. Bd. Suprs.*, 109 N. Y. 176.) If the charge on the whole conveys to the jury the correct rule of law upon a given question, the judgment will not be reversed by the appellate court for technical error in verbiage. (*Caldwell v. N. J. S. Co.*, 47 N. Y. 282; *Rexter v. Starin*, 73 id. 601.)

FOLLETT, Ch. J. The action was brought to recover damages for personal injuries sustained by being swept from a load of hay to the ground by the limbs of an apple tree which overhung the public highway extending from the village of Circleville, in the town of Wallkill to the city of Middletown,

formerly part of the same town. Circleville is about five miles northerly of the city of Middletown and they are connected by this highway which is one of the principal ones leading to and from the city. February 20, 1889, the plaintiff was drawing a load of hay from Circleville to Middletown by a team driven by Emmett Travis. The day was cold, the highway icy, rough with deep wagon ruts and narrow at the place of the accident. About a mile south of Circleville there was an old apple tree the trunk of which stood from eight to thirteen feet from the west side of the traveled track. The plaintiff was riding on the right hand side of the load with his back to the driver when he was brought against a limb of the tree. One of the highway commissioners testified that the limb by which the plaintiff was struck was but four feet from the center of the road and that it was but seven feet feet from the center of the road to the ditch on the east or opposite side of the highway.

At the close of the plaintiff's case the defendant moved for a nonsuit on the sole ground that the plaintiff and his driver by their negligence contributed to the injury. The motion was denied and the defendant excepted. At the close of the evidence this motion was renewed upon the same ground, and upon the further ground that the town of Wallkill was not solely liable for the damages, which motion was denied and the defendant excepted. In discussing the question whether the commissioners of highways were guilty of negligence the court said: " Notice must be proven of the existence of the obstruction a sufficient length of time from which a jury can say a commissioner ought to have known it. *Now, it is nothing of any consequence that thousands passed there without injury.* If this obstruction existed so long that a vigilant officer should have known of its existence, they are liable because they didn't know. They should have known as public officers if it existed so long that a jury could say to them " you should have known it."

At the close of the charge, defendant's counsel asked the court to instruct the jury " that the jury have a right to take

into consideration the circumstance that people driving on loads of hay had passed under this tree without difficulty, in determining whether there was sufficient to charge the commissioners with notice of the alleged defect." To this request the court replied : " It might be some evidence." Defendant's counsel also asked the court to charge that the jury have a right to take into consideration the circumstance that no complaint was made to the commissioners, in determining whether they were charged with notice of the alleged defect. The court replied : " Yes, I will charge that." The counsel then excepted to the sentence " Now, it is nothing of any consequence that thousands passed there without injury." This remark was made while discussing the negligence of the commissioners and the court very clearly gave to the fact that many had passed the tree without injury all of the probative force that it was entitled to on this issue.

Whether the evidence of negligence on the part of the commissioners was sufficient to authorize the submission of the question of their negligence to the jury is not presented by any exception. The only question presented by this record is whether the plaintiff by his own negligence or by that of his driver contributed to the accident. The defendant now insists that the tree having stood for so many years in this position with its limbs overhanging a portion at least of the traveled part of the highway that it was contributory negligence on the part of the plaintiff not to have known of it and avoided it. The record shows that the plaintiff had occasionally traveled this highway but never before with a load of hay, and he testified that he never had had occasion to observe how low the branches hung or how far over the beaten track they extended. The defendant has three commissioners of highways all of whom gave evidence to exculpate themselves from the charge of negligence. Daniel W. Shaw testified that he had been commissioner for ten years or over, lived within a mile and a half of this tree but never noticed that its branches overhung the road. Charles E. Gardner testified that he was one of the commissioners at the time of the accident, and had

been for twelve years, but had never known of any difficulty about the tree. Henry W. Dunning, the third commissioner, testified that he had been in office six years and did not know that any person had difficulty in passing the tree with loads of hay. Notwithstanding this evidence, that danger was not obvious to those whose duty it was to see and guard travelers against it, the defendant insists that the danger was so apparent that it should be held as a matter of law that the plaintiff and his driver were guilty of contributory negligence in not seeing and avoiding it, and that it was error to submit to the jury the question of contributory negligence. The position that whether the plaintiff and his driver, by their negligence, contributed to the injury, was a question of law for the court and not a question of fact for the jury, cannot be sustained.

The point is made that the city of Middletown should have been joined as a party defendant. June 9, 1888 (C. 535, L. 1888), the city of Middletown was incorporated. Before that date the town of Wallkill embraced the territory which, at the time of the accident was, and since has been, within the limits of the city. Before the act incorporating the city was passed the three highway commissioners, for whose negligence the town is sought to be held liable, were elected by the electors of the town, including those who resided within the present limits of the city. It is urged that because the electors who resided within the territory which now forms part of the city, participated in the election of the three commissioners that the city is jointly liable with the town for their neglect. This point is without foundation. At the time of the accident the defendant was duly incorporated and its limits have not since been changed, and the town is liable for the neglect of its commissioners, no matter how they were chosen or appointed. They were the legal highway officers of the town, and the fact that they were elected by voters not now voters of the town has no effect upon the liability of the defendant.

The judgment should be affirmed, with costs.

All concur, except HAIGHT and LANDON, JJ., dissenting.

Judgment affirmed.