JOSEPH TAGG, an Infant, by FLOYD TAGG, His Guardian ad Litem, Respondent, *v.* THE CITY OF LOCKPORT, N. Y., Appellant.

FLOYD TAGG, Respondent, *v.* THE CITY OF LOCKPORT, N. Y., Appellant.

Fourth Department, January 15, 1930.

*George W. Riley*, for the appellant.

*J. Wesley Andrews*, for the respondents.

TAYLOR, J. Defendant was obligated to exercise reasonable diligence in making inspections and tests of shade trees located upon its streets. And in instances where such examinations revealed tree conditions reasonably likely to cause physical injury to persons beneath the trees, the obligation rested upon the municipality to remove or repair dangerous trees. (*McGarey* v. *City of New York*, 89 App. Div. 500; *Lahart* v. *City of New York*, 220 id. 713; affd., 246 N. Y. 643.)

The Lockport Park and Shade Tree Commission had been created by resolution of the common council and appointment by the mayor pursuant to section 63-a of the Charter of the City of Lockport (Laws of 1911, chap. 870, as added by Laws of 1917, chap. 392), and when the limb fell from the tree in question, and for some years prior to that time, the Commission had been functioning. It was composed of men supposedly expert as judges of trees. The record justifies the conclusion that this commission had not examined this tree, nor the trees in this neighborhood, for over a year before the mishap; that in the limb which fell, and elsewhere in the tree, there were several holes which were used by birds in going to and from nests in the tree; that there were other holes of considerable size in the tree and limb — one of the holes which was located at the point where the limb broke off, being apparently double-convex in form, about five inches across at the center and two and one-half inches across nearer its ends, and extending for some twelve inches around the limb in question about one-third of its circumference; that there was an easily observable bulge around the limb near where it broke, resulting from the wood and bark growing over an embedded wire encircling the limb; that fungus and bare wood and portions of the tree inside the holes mentioned were visible from the street beneath the tree; that the physical condition of the tree in most of the particulars just mentioned had been substantially the same for several years; that the tree was a soft maple, a tree which — as compared with hard maples — branches out nearer the ground in several large branches, matures earlier and is more brittle. The superintendent of streets, who was also chairman of the Park and Shade Tree Commission, testified that a rapid-growing tree, like the one in

question, is more apt to decay; that it reaches an enfeebled condition sooner than a long-lived tree; that the tree in question was practically eighty-five to ninety years old, had been on the decline for some years and was getting in an enfeebled condition. In the estimation of the judges of the facts the possession of this general information by the defendant's representative might well have carried with it an obligation to make more frequent and better examinations and tests — might well have convinced the jury that the city negligently failed to give such attention to the tree in detail as the circumstances fairly required. (*McGarey* v. *City of New York, supra.*)

The plaintiffs' claim of negligence in defendant must rest upon non-attention to the tree by the city after constructive notice that the tree was dangerous in that the whole, or some part of it, was reasonably likely to fall upon people beneath it, considering usual climatic conditions in the city of Lockport. There was no actual notice proven. We are of the opinion that upon this record a fair question of fact was presented to the jury as to constructive notice and negligence.

No question of contributory negligence is raised. We find no reason for reversing on the ground of erroneous rulings or because of the size of the verdicts; therefore, the judgments and orders appealed from should be affirmed, with costs.

Sears, P. J., and Crouch, J., concur; Thompson and Crosby, JJ., dissent and vote for reversals on the law and a dismissal of the complaints.

In each case: Judgment and order affirmed, with costs.