A. Mae Morse, Respondent, v. The City of New York, Appellant, Impleaded with The New York Edison Company, Defendant.

First Department, October 28, 1932.

*Charles E. Ramsgate* of counsel [*Samuel Bloom* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Monroe J. Cahn* of counsel [*Humphrey J. Lynch* and *Jack Gross* with him on the brief; *Patent, Stern & Rachstein*, attorneys], for the respondent.

SHERMAN, J. The sole question is whether the city of New York may be held liable for negligence.

On February 27, 1928, plaintiff was driving an automobile southerly on West street, in the borough of Manhattan, city of New York, when it collided with cement posts surrounding a fire hydrant. At Gansevoort street, where she entered West street from the north, the roadway widens to practically double its prior width. There are in West street a series of fire hydrants maintained by the city, the most northerly of which is located between Gansevoort street and Horatio street, about sixty feet north of the line of Horatio street. They are set in a direct line extending several blocks in West street parallel to and about fifty feet from its easterly curb. To the west of this line of hydrants there is a wide roadway, upon which the North river piers abut. Each fire hydrant was placed upon a cement platform elevated several inches above the level of the roadway and was surrounded by three upright cement posts apparently between four and five feet in height, designed to protect it from damage by passing vehicles. These hydrants, forming part of the city's water system, had been installed in 1882. The cement posts had been painted white with black stripes about six months before the accident, pursuant to the practice of the city to repaint such posts every two years.

Just before seven P. M., with cowl lights lit, the automobile driven by plaintiff struck one of the posts protecting the most northerly hydrant, and in the collision plaintiff received the injuries for which she claims damages.

Plaintiff contends that appellant was negligent in locating and maintaining these hydrants, and that the lights were insufficient to reveal this obstruction in the darkness. The city has erected and maintained electric lights at the northwest and southeast corners of the intersection of Gansevoort street and at the northeast corner of Horatio street. In addition, there were upon some of the hydrant plots electric light poles carrying arc lights of the usual type employed in this city so that one approaching from the north, as did plaintiff, must necessarily, if attentive, have seen this long string of poles and lights dividing the highway. The first

of these lights was located near the southerly intersection of Horatio street, about 142 feet south of the cement post with which the car collided. That light, however, was not burning at the instant of the accident. It had functioned properly the night before. About ten minutes before the accident, a police officer had discovered that this light was out and had telephoned to the police station to that effect, and within a half hour after the accident that light was repaired.

Obviously, if the electric lights surrounding this scene were fairly adequate to illuminate the roadway and display the existence of the hydrant and posts, no liability can attach to the city, merely because one of the lights ceased to illuminate just before this accident happened.

There is no proof that the location of this hydrant and posts was improper. Hydrants are of course necessary for the protection of the city. The place chosen for the location of the hydrants is not so dangerous or so needless that the choice may be said to be unreasonable. The fact that it had been in this position for so many years, in clear, open view, in a busy thoroughfare, forbids the inference that the defendant may now be found negligent in locating and maintaining it. (*Wegmann* v. *City of New York*, 195 App. Div. 540; *Lawson* v. *City of New York*, 216 id. 537; *Stern* v. *International R. Co.*, 220 N. Y. 284.) Nor can liability in negligence be predicated upon the alleged failure to stripe the protecting posts. There was compliance with the regulation regarding striping the posts in black and white. Six months before, the city had through an independent contractor so painted them. The several electric lights should have revealed the presence of these posts to plaintiff. The accident must have been due to her failure to exercise adequate vigilance or to the fact that one of the lamps unfortunately went out a few minutes before she reached West street.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; O'MALLEY, J., dissents.

Judgment reversed, with costs, and the complaint dismissed, with costs.