EMMA MESSINGER et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27755.)

Court of Claims, November 27, 1944.

*Joseph G. Cooke* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Arthur W. Mattson* and *Frank M. Noonan* of counsel), for defendant.

DYE, J. On the afternoon of July 13, 1943, the claimants were traveling on the right-hand side of the paved portion of the State highway leading from Monticello to Woodburn, in the county of Sullivan, New York, and had come into the environs of

the hamlet of Woodburn. At this point several large sugar maple shade trees bordered the highway, their trunks located beyond the limits of the right of way, but their huge limbs and tops overhanging the traveled portion of the highway. The trees were in full leaf.

While the automobile was thus passing along the highway, a branch fell from one of the trees, pierced the windshield of the automobile, and struck the claimant Emma Messinger in the abdomen, inflicting the injuries of which she complains. Witnesses described this branch as " dry and leafless ". It was some two inches or three inches in diameter at the butt, approximately ten or twelve feet long, and bushed out at the growing end with small leafless branches and twigs.

On the day in question the weather was clear and warm; there was no wind, and there had been no storm or damaging winds within the immediate period of the accident.

The highway was under the patrol system (Highway Law, §§ 12, 341, subd. 50). It is well established that the State highways must be maintained in a safe condition for travel, not only as respects defects and obstructions in the traveled portion of the roadbed, but also as respects conditions adjacent to and above the highway which could reasonably be expected to result in injury and damage to the users thereof. (*Doulin* v. *State of New York*, 251 App. Div. 767, affd. 277 N. Y. 558.)

The State defends the within action on the ground that it was a fortuitous happening that could not reasonably be anticipated. This defense we hold is without merit. The highway patrolmen were bound to perform their duties in a diligent and thorough manner, and had they done so in the present instance, would have noticed that the trees were old and that broken and lifeless branches suspended in the treetop were eventually bound to fall, and if coincident with the passage of users of the highway would result in injury and damage.

We hold that the State is liable for allowing a condition to exist which should have been observed by the patrolmen in the performance of their ordinary duties. The fact that the trunks of the trees were outside of the highway right of way is no defense, particularly when the limbs and the tops thereof overhung the traveled portion of the highway. (40 C. J. S., Highways, § 257; *Embler* v. *Town of Wallkill*, 57 Hun 384, affd. 132 N. Y. 222.)

The failure of the State's employees to protect the public from potential danger by giving due and adequate warning of its existence constitutes negligence. (*Trimble* v. *State of New York*, 263 App. Div. 233.)

.There was no negligence on the part of either claimant causing or contributing to the happening of the accident. The claimant Emma Messinger suffered painful and severe injuries which confined her to the hospital and to her home for a substantial period of time. Medical testimony offered by the State sought to demonstrate that the condition of the claimant's back at the time of the trial might have been due to natural causes antedating the accident. We are not fully convinced that this is so, but even if it were a fact, the doctors agree that the injury aggravated the condition, and that she has suffered physical disability which, with reasonable medical certainty, appears to be permanent.

The award made herein in the sum of $6,580 we believe adequately compensates the claimants for the damages sustained.

Let judgment be entered accordingly.