Emanuel Greenberg, J.
On December 11, 1943 while claimant, Arthur W. Brown, was operating a truck belonging to claimant, Burt I. Brown, along State Highway Route No. 8 at a point south of the village of Sauquoit, said truck came in contact with a large elm tree extending across the highway. The tree had either fallen a short time prior to the collision and had been suspended a few feet above the road by the electric wires and trees located nearby, or had fallen upon the truck just as it was passing by. The accident occurred at about 1:00 a.m. on a clear, cool and windless winter’s night.
The tree had been one of a group of several large elm and maple trees which bordered the State highway and, though the trunks had been located beyond the limits of the right of way, their limbs and large spreading branches overhung the travelled portion of the highway. The tree which had fallen was between 21/2 to 3 feet in diameter at its base and had extended some 60 to 70 feet in height.
For 10 years prior to the date of the accident, the center of the tree bore no leaves and the limbs were bare but the top was in leaf during the spring and summer seasons. There was a large decayed hole near the base of the tree at the far side of the road. During construction and subsequent maintenance of the highway, fill and cinders had been deposited at the base of this tree by the State’s employees which affected and was detrimental to its proper growth. The State patrolmen had mowed the sides of this roadway in the vicinity of this group of trees twice each year.
The State is obligated to maintain its highways in a safe condition for travel, not only with regard to obstructions and defects in the travelled portion of the road, but also with regard to conditions adjacent to and above the highway which might reasonably be anticipated to result in injury and damage to the users thereof. (Shaknis v. State of New York, 251 App. Div. 767, affd. sub nom. Doulin v. State of New York, 277 N. Y. 558.) The fact that the trunks of the trees were located outside the highway right of way is of no consequence, particularly where the limbs and the branches thereof overhung the travelled portion of the State highway. (Messinger v. State of New York, 183 Misc. 811; Embler v. Town of Wallkill, 57 Hun 384, affd; 132 N. Y. 222; 40 C. J. S., Highways, § 257.)
*309 The highway patrolmen were bound to perform their duties in a careful and diligent manner, and had they done so in the present instance, would have noticed the decayed condition of this large elm tree and of its imminent danger to those using the highways. The failure of the State’s employees to protect the public from such potential danger and to give due and adequate warning thereof constitutes negligence. (Kittle v. State of New York, 245 App. Div. 401, affd. 272 N. Y. 420; Trimble v. State of New York, 263 App. Div. 233; Collentine v. City of New York, 279 N. Y. 119; Restatement, Torts, § 342, subds. d, h.) The mere happening of the accident outside of the patrol period (May 1-Nov. 15) is no defense to this claim where the hazardous condition existed and the State had knowledge, actual' or constructive, of the same for many years. (Karl v. State of New York, 279 N. Y. 555; Torrey v. State of New York, 266 App. Div. 900.)
In view of the foregoing, an award is made against the State of New York for the damages sustained by claimants in accordance with the findings accompanying this memorandum.