LORRAINE KING, Plaintiff, *v.* HYMAN FRITZ et al., Defendants.

Supreme Court, Trial Term, New York County, April 1, 1955.

620

*Goldner & Kaplan* for plaintiff.

*Galli & Locker* for Aaron Mitchell, defendant.

*Jerome Heffer* for Hyman Fritz, defendant.

STEUER, J. This action would be no excuse for an addition to the great bulk of legal printed matter were it not for the fact that it is a substitute for formal findings and incidentally illustrates an exception to the classic example of a supposedly impregnable case. The plaintiff, a personable, talented and charming young lady, was injured in a collision between two automobiles, in one of which she was a passenger. There is no suggestion that she was in any way negligent; in fact she was asleep at the time, a fact which possibly may have had an effect of more consequence to her than precluding her giving any testimony of the happening of the accident. At the time she was not only a passenger in defendant Mitchell's car; there is every reason to believe that a closer and more romantic relationship was in contemplation. But it did not eventuate and he married elsewhere; whether this was the result of the implied affront to his powers of attraction by going off to sleep at an important moment in their association, the record does not reveal.

The proof consists of the testimony of the respective drivers. Defendant Mitchell was proceeding through 22d Street from Broadway to Fourth Avenue at a moderate rate of speed. Midway of the block the lights on Fourth Avenue turned green in his favor. As he was about to enter the intersection, with the lights still in his favor, he noticed a taxicab, which had stopped on Fourth Avenue at 22d Street, start up. Realizing that his right of way would prove small consolation in the event of a collision, he stopped abruptly. In stopping, his car skidded somewhat to the right. Defendant Fritz was driving behind him. He was also proceeding at a moderate rate but not sufficiently moderate to avoid a collision when confronted by the sudden stop, entirely unanticipated in view of the condition of the lights and complicated by the fact that the Mitchell car skidded into his path.

While Mitchell's testimony of the exact actions of the cab he stopped to avoid was not altogether satisfactory, it was clear as to the presence of the cab and that he feared it was about to beat the lights. No other explanation of the place or manner of his stopping was suggested. Whether he would have negotiated the intersection in safety had he been less cautious cannot now be answered. In any event, he was confronted by an emergency not of his own making and he exercised the best judgment he had. That is never negligence.

The conduct of the defendant Fritz can only be deemed negligent if one closes one's eyes to traffic conditions as they actually are in New York City. There is some danger involved in traveling at twenty miles an hour on city streets and in being closer to another vehicle than absolute stopping distance. If the acceptance of that risk is negligence, there are virtually no reasonably prudent drivers, because any one adhering to such a standard would not long survive on our streets. It has been repeatedly recognized in actions against the State and city for failure to maintain roads and streets in a safe condition that such driving is not negligence (*Stern* v. *International Ry. Co.*, 220 N. Y. 284; *Lawson* v. *City of New York*, 216 App. Div. 537; *Koehler* v. *City of New York*, 262 N. Y. 74; *Wegmann* v. *City of New York*, 195 App. Div. 540; *Morse* v. *City of New York*, 236 App. Div. 504; *Doulin* v. *State of New York*, 277 N. Y. 558; *Sporborg* v. *State of New York*, 226 App. Div. 113; *Viet* v. *State of New York*, 192 Misc. 205; *Messenger* v. *State of New York*, 183 Misc. 811; *Julian* v. *State of New York*, 187 Misc. 146; *Gardner* v. *State of New York*, 206 Misc. 503). Unless negligence means one thing when applied to the conduct of a plaintiff and another when applied to a defendant, a proposition that few would be heard to declare, this was not negligence.

Fortunately, the contact and the resulting injury were slight. It is true that plaintiff suffered a chip fracture to one of the vertebrae, but the consequences were not too serious. Plaintiff was and is a dancer. Prior to the accident she was a classicist and was the only exponent of the cancan on the toes, or, more technically, on point. Since, and due to the accident, as she claims, she has specialized in tap dancing, claiming this involves less of a strain. The medical profession is not in accord that such a specialized result can be attributed to her injury. Perhaps she will be able to return to her unique specialty and the world will regain an art form, of which it has been unfortunately but not actionably deprived.