Charles T. Major, J.
About 5:45 a.m., on August 30, 1952 claimant Peter Lapchenko, 27 years of age, experienced and awake, was driving a 1949 Mack tractor with a 1949 Fruehauf trailer attached, in a southerly direction on New York State Route 11. The tractor and trailer were owned by claimant Ward Baking Company. On reaching a point in the hamlet of Adams Center, he was operating the vehicle at approximately 28 to 30 miles per hour, when the driver of a passenger vehicle traveling in the same direction, signalled his desire to pass by blowing the horn. Lapchenko thereupon pulled his vehicle to the right, toward the westerly curb, and allowed the car to pass. At the same time, another car was approaching from the south and was within 100 to 200 feet. This situation necessitated Lapchenko to direct his unit to his extreme right and close to the curb, to give sufficient clearance and space for the safe passing of all vehicles. About 75 to 80 feet south of this point, there was a 36-inch maple tree. Lapchenko did not know of or observe an overhanging limb of the 36-inch maple tree. The bottom of the trunk of this tree was also overgrowing the curb. As the tractor-trailer passed beneath the 36-inch maple tree, the top right front corner of the trailer struck the overhanging limb, throwing the unit out of control, and the tractor collided with a 13-inch maple tree located a few inches from the westerly curb, about 17 feet south of the 36-inch maple tree. The unit then jacknifed, striking a 16-inch maple tree on the same side of the highway which was in front of the “ Avery Residence The unit rebounded southeasterly and came to rest on the east side of the highway in a jacknifed position. The units were still attached to each other, the tractor faced southwesterly and the trailer southeasterly. Peter Lapchenko was thrown out of the cab and was found in the driveway leading to the Atwater House. He was unconscious, lying on his back, with his head toward the north.
In the accident area, Route 11 was a macadam highway 30 feet wide, and substantially level. The curb was 6 inches wide and rose about 8 inches above the pavement. The weather was overcast, it had been raining, but had stopped before the accident. The highway was wet.
The tractor was 16 feet long, and not over 8 feet in width measured at its widest part. It weighed less than the maximum required by statute and was of legal height. The width of the *480 front of the tractor was 2 to 6 inches less than the rear Avheels. The trailer was 32 feet long, slightly less than 96 inches wide at its widest point, between 11 feet 2 inches and 11 feet 31/2 inches in height, and Avithin statutory requirements.
The general shape of this overhanging limb as it blended with the branches and other trees along the Avest curb, could not he readily seen or anticipated by the driver of the tractor-trailer unit. It was not possible for the trailer to pass under the overhanging limb at any point less than 93/4 inches easterly of the inner side of the westerly curb, Avithout colliding with the limb. This overhanging limb had existed for a long time prior to the accident, and constituted a dangerous obstruction of the highway. No warning signs, signals, barriers, lights or reflectors of any nature Avere posted at or near the accident scene to give notice to users of the highway of the existing conditions and danger to be encountered.
The State of New York, its officers, agents, servants and employees kneAv or should have known, and by reasonable diligence could have discovered this dangerous condition, and are chargeable with constructive notice.
It is Avell established that the State is under a duty to make a reasonable inspection of trees along its highways, and to trim and remove such trees or portions thereof which constitute a danger to users of State highways. (Embler v. Town of Wallkill, 132 N. Y. 222; Julian v. State of New York, 187 Misc. 146; Messinger v. State of New York, 183 Misc. 811; Brown v. State of New York, 2 Misc 2d 307; Tagg v. City of Lockport, 228 App. Div. 319, affd. 254 N. Y. 582; McGarey v. City of New York, 89 App. Div. 500.) This applies whether the trunks of the trees are inside or outside of the highway bounds. (Messinger v. State of New York, supra; Brown v. State of New York, supra.)
The State failed in its duty to discover and remove this obstruction. Such failure is negligence which was the proximate cause of this accident. Both claimants are free from contributory negligence.
As a result of this accident, Peter Lapchenko, claimant herein, sustained the following injuries: cerebral concussion, laceration of the brain, fracture of the skull in the left parietal region, bruises of the body, brush burns to right leg, right elboAv and right shoulder. Scar tissue formed on the laceration of the brain and since recovering consciousness after the accident, he has suffered with headaches at frequent intervals. This condition has diminished and will continue to diminish. He suffered *481 an impairment of his speech process, causing difficulty at times in forming words, especially when fatigued. This condition has been gradually improving. His injuries resulted in a change in personality and, frequently, he becomes irritable with his family and fellow employees. He has suffered a loss of memory of many events prior to the accident, and some loss of memory of events since the accident. This condition will be permanent. The possibility of developing epilepsy as a result of the injuries from this accident is present, but the risk is slight, being not more than 3% or 4%, and will lessen as the years pass by. After the accident, he was taken to the House of the Good Samaritan Hospital at Watertown, where he was unconscious for about 8 to 10 days. He remained in this hospital until September 16, 1952 and on that day was transferred to the Syracuse Memorial Hospital, from which he was discharged to his home on September 20, 1952. He remained at home until November 24, 1952 when he returned to work for the Ward Baking Company.
Because of his condition caused by the accident, his employer did not continue him as a truck driver, with an average weekly wage of $96, including overtime, and a guaranteed 48-hour week. He was assigned to the shipping room at an average weekly salary of $56, causing a loss of earnings. Claimant Lapchenko paid out the following sums for care and treatment after the accident, viz.: Doris Wallace, nurse, $218; Doris Pike, nurse, $230; Helen Staples, nurse, $28; Dorothy Singleton, nurse, $190; Dr. Carl B. Alden, $12; House of the Good Samaritan Hospital, $471.58; Syracuse Memorial Hospital, $131; Dr. Chalmers L. Stacey, $25; Dr. Arthur Ecker, $78; Benoit Ambulance, $35; Drs. Gardner, Gregor & Gardner, $49.68; Drs. Atkinson & Kennedy, $10, totaling $1,478.26 for medical and hospital bills.
The tractor valued at $3,000 at the time of the accident, was a total loss. It would cost $6,197.36 to repair it, therefore, claimant Ward Baking Company is entitled to the lesser of the two amounts. At the trial, the Ward Baking Company claim was ordered amended to include towing charges of $75, paid by claimant. The fair and reasonable cost of repairs to the trailer was $1,740.40. Therefore, the Ward Baking Company was damaged in the sum of $4,815.40.
Claimant Ward Baking Company is awarded the sum of $4,815.40.
Claimant Peter Lapchenko is awarded the sum of $26,528.26, which includes $1,478.26 for hospital and medical bills; $1,050
*482 for loss of wages between date of accident and his return to work, and $24,000 for his pain, suffering, temporary and permanent injuries, and reduction of earning capacity.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Separate judgments are directed accordingly.