Fred A. Young, J.
On July 1, 1955, the claimants purchased and moved into a home on the north side of Route 5 in the town of Kirkland, Oneida County, New York. Later that month the claimants noticed an unpleasant odor emanating from a highway drainage ditch near their home and shortly thereafter Mrs. Kemp wrote a letter to the State Department of Public Works in Utica complaining of this condition.
On August 10, 1955, the assistant resident engineer of the Utica office visited the claimants’ residence in response to the letter and, among other things, inspected a large maple tree located on the State’s right of way near the Kemp home. Because of its condition and its nearness to the road and the home, the State engineer concluded that it should be removed. Several times between the 10th of August, 1955, and October 15, 1955, Mrs. Kemp called the Utica office to spur the State into action. Her efforts were unavailing.
On October 15, 1955, during a mild windstorm, a large limb fell from the tree across the top of claimants’ automobile which was parked in the driveway next to their residence. This claim has arisen as a result of the damage caused by the fall of the limb upon claimants ’ car.
It is well established that the State may be held liable for permitting defective and dangerous trees to remain in locations where they may cause injury to highway users or adjacent property owners. (Fitzgerald v. State of New York, 198 Misc. 39; Julian v. State of New York, 187 Misc. 146; Messinger v. State of New York, 183 Misc. 811; Brown v. State of New York, 2 Misc 2d 307 affd. 271 App. Div. 811; Tagg v. City of Lockport, 228 App. Div. 319, affd. 254 N. Y. 582; McGarey v. City of New York, 89 App. Div. 500.) However, the State must have either *782 actual or constructive notice of the dangerous or defective condition. (Rose v. State of New York, 282 App. Div. 1099; Mosher v. State of New York, 191 Misc. 804, affd. 275 App. Div. 891.)
Testimony clearly indicates that as a result of the complaint made and after an examination by the State engineer in charge, it was concluded that the tree should be removed. The record also indicates that other State employees testified that they had observed the same tree at least 300 times in the 2 years previous to the accident; that the State’s tree pruner foreman in the area had observed the tree and stated from the size of the tree alone, it was not safe to permit the tree to stand. These witnesses were all employed by the State Department of Public Works and it was their duty to patrol the highway, inspect trees and attend to those trees which might be a detriment to the use of the highway.
It was also the duty of the State employees to observe existing conditions along the highway as they might affect adjacent property owners. (Julian v. State of New York, supra; Messinger v. State of New York, supra.)
The location of the tree in conjunction with its size and species was obvious and admitted by the State employees whose duty it was to observe this condition. It was the duty of the State to remove this tree, not at the employees ’ convenience, but without any unreasonable delay.
We conclude, therefore, that the tree presented a dangerous condition of which the State had notice and the failure of the State, its agents, servants and employees, to remove the tree within a reasonable time constituted negligence on the part of the State of New York, its agents, servants and employees, for which the State must be held liable.
The contention by the State that the claimants either assumed a risk or.were contributorily negligent is without merit and needs no further discussion.
An award is made in an accompanying decision.