Melvin H. Ostebman, J.
The above-captioned claim is for the alleged negligence of the New York State Thrnway Authority in the operation, maintenance and control of a portion of the Thruway located in Westchester County. Upon the trial of this action, at the court’s suggestion, counsel for both sides stipulated that the liability portion of this claim would be tried first and closed and that the court would decide the issue of liability upon the defendant’s motion to dismiss.
The claim alleges that on January 15, 1958, at approximately 2:00 a.m., the claimant was driving in the southbound middle lane of the Thruway in response to a police emergency call to return to his place of business in Mt. Vernon, New York. There was a heavy rain mixed with sleet, causing visibility to be limited to approximately 30 feet. After claimant had negotiated a slight curve before milepost 6.8, his car struck a boulder approximately 2y2 feet long and 20 inches wide, lying in the road. This boulder lodged under claimant’s automobile, its impact causing the right front wheel to split in half. The claimant got out of his car, remained in the area for approximately 15 minutes awaiting assistance and when none arrived, proceeded to jack up both sides of the front of his car, got underneath the chassis and by placing his body between the boulder and the car, pushed the boulder out from underneath with his feet. After so doing, claimant proceeded to the next toll barrier, reported the accident and went to his intended destination. .
The issue for the court to determine is simply whether the Authority was negligent in permitting an alleged dangerous condition of fallen rocks to exist on its facility. To answer the query in the affirmative, we must first find that a dangerous condition did exist and second, that the Authority had notice of the condition (4 Warren, Negligence, p. 378 et seq.).
Both direct testimony and that introduced through the examinations before trial of State employees indicated that the place of occurrence was abutted by an embankment rising some 40 feet high; that it was possible for rocks to fall from this embankment; that the area was continuously patrolled by a regular maintenance crew during a 24-hour daily period; that the only record of a fallen stone on the highway on the southbound lane near milepost 6.8 was recorded on the very night of the accident at 12 o’clock midnight; that the only other accident of a similar nature in the southbound lane for a period of two years prior to the accident until six months after the accident was recorded two and one-half months subsequent to the claimant’s mishap; that no other evidence of a dangerous condition *289 or of notice of the same was introduced at the trial. Furthermore, those records of accidents or maintenance defects occurring in the northbound lane cannot be considered by the court in the absence of testimony that the southbound and northbound lanes abutted the same rock formation.
On the basis of the evidence produced, the court finds that the Authority had no notice of any dangerous condition at the accident site. In arriving at this conclusion, we are not unmindful of the authorities cited by claimant in his brief, but feel that the fact pattern evolved in this claim does not present a similar degree of fault as seen in those cases. We do not have here the facts of Juliano v. State of New York (190 Misc. 180, affd. 273 App. Div. 936), where the defendant had knowledge of the effects of prior Spring thaws in causing a landslide in the vicinity of the accident; nor of Dawley v. State of New York (186 Misc. 571), where six or seven prior accidents occurred on an unsigned 36-degree curved road which led into a deceptively designed bridge and railroad crossing; nor of Giroux v. State of New York (193 Misc. 589), where 10 or 12 large landslides occurred prior to the accident and the defendant had knowledge of the thaws and rain that caused these landslides; nor of Shakins v. State of New York (251 App. Div. 767, affd. 277 N. Y. 558), where the defendant again had knowledge of the frequency with which rocks had fallen on the road every Spring; nor of Jacobs v. State of New York (177 Misc. 70, affd. 263 App. Div. 1047), where rock slides occurred for several years prior to the accident as a common occurrence and the defendant had knowledge of this situation. Nor can the facts in this claim be considered consistent with the finding of liability in Brown v. State of New York (2 Misc 2d 307) and Messinger v. State of New York (183 Misc. 811), where the defendant had actual knowledge of the decayed condition of trees which subsequently fell on a highway, nor as in Wasnick v. State of New York (183 Misc. 1073), where defective bumps in the road had been known to the State since the time of the highway’s construction.
The dangerous conditions cited in the above cases and the State’s knowledge of the same are the bases of finding liability. We cannot as a matter of fact find in the instant claim such dangerous conditions nor that degree of knowledge amounting to the legal requisite of ‘ ‘ notice of a defective condition ’ ’ (4 Warren, Negligence, p. 378 et seq., supra).
Accordingly, we find that the claimant has failed to establish the negligence of the New York State Thruway Authority and we must dismiss this claim.
*290 The motion made by the State at the close of the evidence for dismissal of this claim on the ground that the claimant has failed to prove negligence by a fair preponderance of the evidence is granted and the claim is dismissed.