Richard S. Heller, J.
These claims by husband and wife are for damages sustained to their person and property when two large trees bordering the right of way of Boute 17-C fell during a storm and struck the car owned by Emrys Jones, Sr., in which Myrtle Jones was a passenger.
The claimants, riding in a 1958 Oldsmobile, were proceeding westerly on Boute 17-C just east of the Village of Owego at about 7:45 p.m. on August 31, 1958. The weather was threatening and there had been some wind and rain when a tree located on the south side of the highway fell on the front of the car. Almost immediately another tree from the south side of the *960 highway fell behind the ear. The car was wrecked and both of the claimants received injuries.
The coincidence of two large trees falling almost simultaneously brings forth the supposition that there must have been a violent storm of tornadle force, yet the facts in this case indicate nothing more violent than an ordinary Summer storm.
An examination of the remainder of the trees made in November of 1958 shortly after the accident showed that the trees suffered from advanced heart core decay, a swelling and deterioration of the sap tissue, depressed areas and fissures, discolored bark fungus, in its fruity stage, and punky conditions in the crotches indicating advanced decay. All of these conditions were visible to any passerby who chose to look.
The trees had been included in a survey of inspection made by the State in January, 1956 but were apparently found to be sound by the tree inspector since he made no report concerning their condition.
In 1957 a tree inspector for the New York Gas & Electric Company observed leaking on the trunk of the two trees which indicated to him some evidence of deterioration. His testimony also included the fact that a section of one of the trees involved had fallen in 1957.
In Lapchenko v. State of New York (2 Misc 2d 478, 480) Judge Major of this court said: “ It is well established that the State is under a duty to make a reasonable inspection of trees along its highways, and to trim and remove such trees or portions thereof which constitute a danger to users of State highways. (Embler v. Town of Wallkill, 132 N. Y. 222; Julian v. State of New York, 187 Misc. 146; Messinger v. State of New York, 183 Misc. 811; Brown v. State of New York, 2 Misc 2d 307; Tagg v. City of Lockport, 228 App. Div. 319, affd. 254 N. Y. 582; McGarey v. City of New York, 89 App. Div. 500.) This applies whether the trunks of the trees are inside or outside of the highway bounds. (Messinger v. State of New York, supra; Brown v. State of New York, supra.) ”
It is the opinion of the court that the State or its employees knew or should have known of the condition of these trees and the danger they present to the traveling public.
It is the further opinion of the court that the State was negligent in failing to remove the trees and that the claimants herein are free of contributory negligence.
As a result of the accident Myrtle Jones suffered injuries to the head and neck and innumerable cuts from the glass of the windshield. There is no evidence of permanent injuries. Her injuries caused pain and discomfort for some period of time and *961 the last piece of glass was not removed until January, 1959. Myrtle Jones is entitled to an award in the amount of $1,250 for all injuries past, present and future and this includes damage for her personal effects.
Emrys Jones, Sr., sustained injuries to his chest and back and was laid up for two or three days. He had no lost wages. Personal effects in the amount of approximately $100 were ruined. Medical bills did not exceed $15. His car, which was worth $3,400 at the time of the accident, had a salvage value of $850.
Claimant Emrys Jones, Sr., is awarded the sum of $3,275 for all damages including pain and suffering, loss of wife’s services, plus the damage to the car and personal effects.
The claim was duly filed and has not been assigned.