■ WALTER HARRIS, Respondent-Appellant, v VILLAGE OF EAST HILLS, Appellant, et al., Respondents.—In a negligence action to recover damages for personal injuries, (1) defendant Village of East Hills (the Village) appeals from an interlocutory judgment of the Supreme Court, Nassau County, entered January 21, 1975, after a jury trial on the issue of liability only, which is in favor (a) of plaintiff against it and (b) of the remaining defendants against plaintiff, (2) plaintiff cross-appeals from so much of the said interlocutory judgment as is in favor of the remaining defendants and (3) the Village appeals from an order of the same court, entered September 12, 1974, which granted plaintiff's motion to increase the *ad damnum* clause of the complaint from $1,500,000 to $5,000,000. Interlocutory judgment affirmed, without costs. Order reversed, without costs, and motion denied. On March 4, 1971, while plaintiff was driving along a public roadway in the Village, a large limb from a 30- to 35-year-old tree owned by the Village, and located on the Village's land abutting the roadway, fell on his car during the course of a storm. The falling limb caved in the top of his car, causing its frame to hit him on the back of his neck and head. As a direct consequence, he was rendered a quadriplegic. He will be permanently disabled and require medical attention for the rest of his life. The evidence is uncontradicted that the inside of the trunk and limb of the subject tree had been extensively rotting for a period of about four to five years prior to the accident; that such rotting would have been discovered by a competent tree inspector on an inspection of the tree; that such a tree inspector, upon observing the obvious large cavity in the trunk, acting reasonably, would have recommended either removal of the tree or extensive cutting of its limbs; and that such precautions would have avoided the accident. However,

at no time prior to the accident had the Village inspected the tree to ascertain its condition, although the tree was under its control and it was statutorily required to take care of it and of all other trees located in its public places. In the light of the foregoing, we find that a sufficient case has been established against the Village; the verdict finding the Village liable is supported by the evidence (see *Edgett v State of New York,* 7 AD2d 570, 573; *McGarey v City of New York,* 89 App Div 500; *Lapchenko v State of New York,* 2 Misc 2d 478, 480). The trial court, in its charge after the close of the evidence, should have again instructed the jury that the Village's removal of the tree about two months after the accident should only have been considered on the issue of ownership and control. This is so notwithstanding the fact that the trial court had instructed the jury to that effect when the evidence was admitted during the course of the trial (cf. *People v Cardinale,* 35 AD2d 1073). However, since the Village unquestionably knew, after the accident, whether the tree had been diseased and rotting on the inside for a period of years prior to the accident, but offered no evidence to rebut the evidence of plaintiff's witnesses to that effect, which included photographs taken of the tree after the accident and both prior and subsequent to its removal, we find that the error in failing to again instruct the jury does not warrant a new trial. Concerning the order granting the motion to increase the *ad damnum* clause, we find that the amount demanded in the complaint is sufficient *(Burroughs v East Hudson Parkway Auth.,* 37 AD2d 836). Rabin, Acting P. J., Cohalan and Brennan, JJ., concur; Munder, J., concurs as to the reversal of the order, but otherwise dissents and votes to reverse the interlocutory judgment, sever the action, and grant a new trial as between plaintiff and the Village of East Hills and the County of Nassau, with the following memorandum, in which Latham, J., concurs: I vote for a new trial as between plaintiff and the Village of East Hills (Village) and the County of Nassau (County) because of prejudicial errors committed during the trial. One such error was the trial court's refusal, in its main charge, to grant the request of the Village's attorney to charge that evidence of the removal of a tree subsequent to the date of the accident was *not* to be considered as evidence of negligence or of breach of duty, but only as evidence of control. Instead, the court "declined except as so charged." In fact, the only instruction on this point occurred during the early stages of the trial, some eight days before the trial court charged the jury, and was followed by more than 900 pages of testimony. As stated in *People v Cardinale* (35 AD2d 1073): "It doubtless is helpful in either a civil or criminal case for the court to deliver a pretrial charge * * * But such should not be a substitute for the detailed instructions on the law and evidence to be given *at the close of the case"* (emphasis added). This was especially true here, where it was undisputed that the tree was removed by the Village and where such removal could easily be equated with negligence in the minds of the jurors. Another prejudicial incident occurred when plaintiff's attorney exhibited before the jury a tree limb which he should have known would not be received in evidence. This was done during the testimony of plaintiff's witness, Officer Reinhardt, who was the first to arrive on the scene after the accident. Reinhardt testified, upon *voir dire* examination by the Village's attorney, that he could *not* identify the limb. He also testified that he had met privately with the plaintiff's attorney only a day or two prior to the trial to go over his testimony. Plaintiff's counsel explained that meeting in his summation as follows: "And if I have photographs or a piece of wood or whatever else it is that I want to show him, I have to show it to him and I have to get an expression from his *[sic]* as to

what he is going to say." Since a new trial is required, I believe that the interests of justice require that it include the County in addition to the Village. The record shows that the road upon which plaintiff was travelling was a County road and that the County was required to maintain and take care of the roadway. The record also shows that the tree, although it was on land owned by the Village, overhung the County road. The following excerpt from *Brown v State of New York* (2 Misc 2d 307, 308, affd 271 App Div 811) is pertinent: "The State [read County] is obligated to maintain its highways in a safe condition for travel, not only with regard to obstructions and defects in the travelled portion of the road, but also with regard to conditions adjacent to and above the highway which might reasonably be anticipated to result in injury and damage to the users thereof. * * * The fact that the trunks of the trees were located outside the highway right of way is of no consequence, particularly where the limbs and branches thereof overhung the travelled portion of the State highway." (See, also, *Lapchenko v State of New York,* 2 Misc 2d 478, 480.) In my view there is a basis upon which a jury could find liability on the part of the County under the facts of this case. Insofar as the majority would deny the motion to increase the *ad damnum* clause, I concur.